CENTRAL CHANDELIER COMPANY, Appellant, *v.* IRVING TRUST COMPANY, as Trustee in Bankruptcy, Respondent.

(Argued June 10, 1932; decided July 19, 1932.)

344

*David M. Palley* and *Robert Netter* for appellant.
Under the conditional sales contract, the plaintiff, upon
default in payment, became entitled to retake the electrical
lighting fixtures. The right to the possession of the light-
ing fixtures, until such default, was in the defendant;
upon such default, however, the right to the possession
of the lighting fixtures vested in the plaintiff. (*McKeage*
v. *Hanover Fire Ins. Co.*, 81 N. Y. 38; *Wahle-Phillips Co.*
v. *Fitzgerald*, 225 N. Y. 137; *Madfes* v. *Beverly Develop-
ment Corp.*, 251 N. Y. 12; *Alf Holding Corp.* v. *American
Stove Co.*, 253 N. Y. 450; *Grossman* v. *Weiss*, 129 Misc.
Rep. 234.) The contract of conditional sale is absolutely
valid as against the defendant, as though it were a party
thereto. (*Matter of Bradbury Co.*, 8 Fed. Rep. [2d] 496;
*Matter of Master Knitting Corp.*, 7 Fed. Rep. [2d] 11;
*Matter of Quinn* v. *Bancroft Jones Corp.*, 18 Fed. Rep. [2d]
727; *Matter of Avlon Syrup Corp.*, 25 Fed. Rep. [2d] 342;
*Rivara* v. *Stewart & Co.*, 241 N. Y. 259; *Stephens* v.
*Meriden Britannia Co.*, 160 N. Y. 178; *Carples* v. *Cumber-
land Coal & Iron Co.*, 240 N. Y. 187; *Stowell* v. *Otis*, 71
N. Y. 36; *Hudson-Oliver Motor Co.* v. *Vivian*, 116 Misc.
Rep. 104; *Conrad Mercantile Co.* v. *Silver*, 75 Mont. 36;
*Sharp Bros., Inc.*, v. *Bartlett*, 76 Mont. 415; *Hunt Mach.
Co.* v. *Stewart*, 57 Hun, 545; *McEntee* v. *New Jersey
Steamboat Co.*, 45 N. Y. 34.) If the mortgagee acquired
a mortgage on the lighting fixtures, its mortgage covered
only lighting fixtures which prior to the last advance were
attached to the realty. It did not cover fixtures
unattached. (*Cohen* v. *1165 Fulton Avenue Corp.*, 251
N. Y. 24.)

*Milton Elias Schattman* for respondent. The building loan mortgage by its express terms covered not only the real property involved, but also personal property. Plaintiff's conditional bill of sale was, therefore, void as to such mortgagee, whether the lighting fixtures be considered as realty or personalty. (*Wahle-Phillips Co.* v. *Fitzgerald,* 225 N. Y. 137; *Madfes* v. *Beverly Development Co.,* 251 N. Y. 12; *Cohen* v. *1165 Fulton Avenue Corp.,* 251 N. Y. 24.) Since plaintiff's reservation of title was void as to a mortgagee, defendant was justified in refusing plaintiff's demand for possession of the fixtures and replevin did not lie. (*Griffin* v. *Long Island R. R. Co.,* 101 N. Y. 348; *McCloskey* v. *Henderson,* 231 N. Y. 130; *Wahle-Phillips Co.* v. *Fitzgerald,* 225 N. Y. 137; *Kirk* v. *Crystal,* 118 App. Div. 32; 193 N. Y. 622.)

CRANE, J. The Adeline Building Corporation was engaged in erecting a six-story apartment house at No. 1741 Andrews avenue, in the Bronx, New York city. For that purpose it secured a building loan and first mortgage from the New York Title and Mortgage Company in the sum of $265,000. The mortgage covers the real property and such personal property as comes within the following clause: " Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage."

The Adeline Building Corporation purchased its lighting fixtures from the plaintiff, the Central Chandelier Company, under a conditional bill of sale which stated that title to the fixtures should remain in the seller until paid for. This conditional bill of sale was made on the 14th day of March, 1929, and the lighting fixtures covered by it were delivered on April 15 and April 17. On April 23, the title company made the final payment under the building loan mortgage, amounting to $15,000. At the time of this advance all the lighting fixtures involved in this litigation had been delivered at the premises, but

only about half of them had been set up, or attached. The other half were lying loose and unattached in the various rooms of the building. The seller-plaintiff failed to file its conditional bill of sale until after this advance made by the title company.

The Personal Property Law (Cons. Laws, ch. 41), section 61, defines "purchaser" as including "mortgagee," and section 67 provides that "If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract * * * shall be filed before such purchase * . * *."

The New York Title and Mortgage Company was a *bona fide* incumbrancer within the meaning of this law, and the conditional bill of sale was void as to the fixtures included within the terms of the mortgage. (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24; *Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12.)

The security for the money advanced by the New York Title and Mortgage Company was its mortgage upon the real property and the personal property attached to it. This mortgage did not by its terms amount to a full and complete chattel mortgage so as to cover personal property delivered to and in the possession of the vendee, but not yet attached to the real estate. The chattel mortgage clause reads: "Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage."

About fifty per cent of the lighting fixtures were not attached to the premises nor were they used in connection with the premises; they were lying around loose in the various rooms unattached and could not be used until attached. The plaintiff, vendor, retained title to these

loose lighting fixtures under its unfiled conditional bill of sale and is entitled as against the defendant to a recovery of them or their value. (*Madfes* v. *Beverly Development Corp., supra.*)

In August, 1929, the Adeline Building Corporation was adjudicated a bankrupt and the Irving Trust Company became its trustee and substituted as a defendant herein. The point is raised that the trustee is in no better position than the vendee or bankrupt and cannot plead the title of the New York Title and Mortgage Company as a defense in this action. While the unfiled conditional bill of sale is good as between the vendor and the vendee (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178), yet the trustee represents not merely the bankrupt, but all creditors, and is thus interested in preserving the assets of the estate. Incidentally, the trustee is interested in preserving the validity of the mortgage security for the title company and thus reducing a possible deficiency judgment against the bankrupt. (*McCloskey* v. *Henderson*, 231 N. Y. 130.)

This judgment should be modified to the extent of allowing the plaintiff to recover the unattached fixtures or their value. The difficulty with this court making the modification is that the record is indefinite as to the amount or value of this merchandise. The statement is that about fifty per cent of the fixtures were lying around in the building, not yet installed at the time of the $15,000 advance by the title company. In this state of the record we deem it fairer to send this case back for a new trial and a modification by the Trial Term unless the attorneys can agree upon the proper deduction to be made.

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.