Ex parte BENEVOLENT AND PROTEC-
TIVE ORDER OF ELKS, BROOK-
LYN LODGE NO. 22.

MANUFACTURERS' TRUST CO. v.
BACHRACH.
No. 235.

Circuit Court of Appeals, Second Circuit.
March 19, 1934.

Newman & Bisco, of New York City (Ralph A. Woodend, of New York City, of counsel), for appellant Manufacturers' Trust Co.

Strongin & Hertz, of Brooklyn, N. Y. (Milton Hertz and Charles Wilson, both of Brooklyn, N. Y., of counsel), for appellee Herman S. Bachrach, trustee in bankruptcy.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On December 1, 1926, the above-named bankrupt entered into a building loan agreement with Manufacturers' Trust Company whereby the lender agreed to make a building loan of $2,900,000 to be evidenced by the bond of the borrower and to be secured by mortgage to the trust company for the benefit of the holders or registered owners of the certificates provided for in such mortgage. The mortgage was to be upon certain premises at the corner of Livingston street and Boerum place in Brooklyn and the building to be erected thereon by the bankrupt. The bond and

mortgage were executed and delivered by the bankrupt to the Manufacturers' Trust Company, as trustee, and the mortgage after describing the real estate contained, as did a similar provision in the building loan agreement, the following clause:

"Together with all the estate and rights of the Mortgagor in and to said premises and in and to the buildings and improvements thereon, * * * and together with all appurtenant fixtures and articles of personal property now or hereafter attached to or used in connection with said premises, it being hereby expressly agreed that any and all property covered by the foregoing description shall be deemed to be fixtures and appurtenances constituting part of the real property of the Mortgagor. * * * "

It was provided in the building loan agreement that the lender should advance the loan to the borrower in installments, and that the money advanced was to be "applied to the cost of erecting the building upon the mortgaged premises." The lender was obliged to advance the entire amount without regard to whether the bankrupt purchased any furniture, furnishings, or equipment that it might require in the conduct of its business as a benevolent order. After all the payments were made and the building was completed pursuant to the terms of the agreement, the furniture, furnishings, and equipment were purchased by the bankrupt—most of them subject to conditional bills of sale.

On or about December 1, 1932, the mortgagor having defaulted in the payment of an installment of principal of $75,000 due on August 1, 1932, and the entire unpaid balance of principal having thereby become payable pursuant to the terms of the trust mortgage, the Manufacturers' Trust Company, as trustee, commenced action to foreclose the same, and judgment of foreclosure and sale was entered about the 19th day of January, 1933. The description of the property directed to be sold by the judgment of foreclosure included the following:

"Together with all the estate and rights of the Mortgagor in and to said premises and in and to the buildings and improvements thereon, * * * together with all appurtenant fixtures and articles of personal property attached to or used in connection with said premises."

On May 1, 1933, the sale in foreclosure was had, and the Manufacturers' Trust Company, as trustee, purchased the mortgaged premises known as the Elks Club House, claiming the furniture, furnishings, equipment, and personal effects of the mortgagor. Thereafter and on the 2d day of May, 1933, a voluntary petition in bankruptcy was filed by the mortgagor in the Eastern district of New York, and thereafter the appellee, Herman S. Bachrach, became trustee of the bankrupt. The trustee instituted a proceeding before the referee for the purpose of obtaining an order directing the appellant, Manufacturers' Trust Company, to turn over all the furniture, furnishings, equipment, and personal property which had been in the mortgaged premises. An order was made in that proceeding that the adverse claim of the Manufacturers' Trust Company to the furniture, furnishings, and personal property was neither real nor substantial, that Herman S. Bachrach, as trustee of the bankrupt, had title to the same, subject only to any rights of additional vendors, and that the Manufacturers' Trust Company should turn over to him such furniture, furnishings, and personal property. The order of the referee was affirmed by the District Court, and, from the order of affirmance, the present appeal has been taken. We think the Manufacturers' Trust Company did not acquire title to the personal property in question through the foreclosure sale, and that the order of the court below to that effect was right and should be affirmed.

The chattels involved in the present proceeding consisted of pianos, billiard tables, chairs, carpets, linens, utensils, and various other kinds of furniture and equipment not attached to the building. As bearing on the practical construction of the building loan agreement by the Manufacturers' Trust Company, it is to be noted that the contract did not require the borrower to place the chattels in question in the mortgaged premises so that the full amount of the mortgage might be advanced upon security installed in the premises, but provided for advances to the full amount upon the completion of the building, whether or not any furniture or other chattels had been placed in the mortgaged premises. Moreover, when the borrower did procure the chattels, they were purchased to a great extent under contracts of conditional sale. The prospectus under which the appellant sold participating certificates in the mortgage described only the land and building as the security therefor, and made no mention of personal property or equipment. Likewise the appellant in effecting fire insurance covered the real estate only. It is also to be supposed that appellant construed the mortgage as not covering the personal property that is now in dispute when it proposed an agreement that it should receive a chattel mortgage from

the borrower upon such property as additional security.

■ The New York decisions, which are controlling as to liens upon fixed property situated within the state show that the mortgage held by the appellant did not cover the equipment in dispute. In Central Chandelier Co. v. Irving Trust Co., 259 N. Y. 343, 182 N. E. 10, 11, the mortgage was of land and such personal property as came within the following clause: "Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage." Certain lighting fixtures had been installed, but others were lying around loose in various rooms and could not be used until attached. The mortgagor was adjudicated a bankrupt. It was held that the plaintiff, as owner of the unattached fixtures, against which there was an unfiled conditional bill of sale, could recover them, or their values, as against the trustee in bankruptcy, because they were not within the terms of the clause in the mortgage. The court said: "This mortgage did not by its terms amount to a full and complete chattel mortgage so as to cover personal property delivered to and in the possession of the vendee, but not yet attached to the real estate."

In City Bank Farmers Trust Co., v. Progress Club (N. Y. Law Journal, October 31, 1932, p. 1848) affirmed 237 App. Div. 812, 260 N. Y. S. 990, the mortgage contained the clause: "Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises." The court held that these words did not cover furnishings and movable chattels of the club which were not attached to the realty. In Bank of Manhattan Trust Co. v. Ellda Corporation, 147 Misc. 375, 265 N. Y. S. 115, Justice Schmuck construed a similar clause in the same way. In New York Title & Mortgage Company v. Menreal Corporation, reported in the New York Law Journal April 5, 1933, at p. 2022, a mortgage on the clubhouse of the Menora Masonic Temple in Brooklyn contained the following clause: "All appurtenances, fixtures and articles of personal property now or hereafter attached to or used in connection with said premises, it being hereby expressly agreed that any and all property covered by the foregoing description shall be deemed to be fixtures and appurtenances constituting part of the real property of the mortgagor." That clause is undoubtedly almost precisely like the one in the case at bar and was held by the Special Term of the New York Supreme Court to cover furnishings and equipment in the clubhouse of the Masonic Temple which were not attached to the realty. The decision was placed upon the ground that the words in that clause had a more ample significance than those of the standard clause of the New York Real Property Law (Consol. Laws N. Y. c. 50), § 254 (1), viz. "together with all fixtures and articles of personal property attached to, or used in connection with, the premises," which follow a description of the land mortgaged. But we cannot see that the words in the mortgage before us, or those in New York Title & Mortgage Company v. Menreal Corporation differ in effect from those of the standard form in section 254 (1), supra, or from those considered by the New York Court of Appeals in Central Chandelier Co. v. Irving Trust Co., 259 N. Y. 343, 182 N. E. 10. The words providing that all property "covered by the foregoing description shall be deemed to be fixtures and appurtenances constituting part of the real property of the mortgagor," added to the standard clause, only refer to the property in the preceding description, and that property, by judicial definition, is limited in case of personal chattels to such as are attached to the freehold. Under settled interpretation, the words, "used in connection with the premises," add nothing. They relate to chattels attached to the realty, and do not include those unattached which are merely employed in the business conducted thereon. Not only is this the law as enunciated by the Court of Appeals in Central Chandelier Co. v. Irving Trust Co., 259 N. Y. 343, 182 N. E. 10, but it would be surprising if a mortgagee desiring to have equipment (in this case costing upward of $400,000) covered by his mortgage did not provide in the plainest way for its inclusion, instead of leaving his rights to vague implication. Both the authorities and the conduct of the parties indicate that the mortgage did not cover the chattels in dispute.

■■ The appellant contends that the District Court had no jurisdiction to determine its claim in a summary proceeding, because the property in dispute was not in the possession of the bankruptcy court, but held under an adverse claim. The evidence, however, indicates that this property was in possession of the Elks Club until the time of the appointment of the receiver in bankruptcy on May 2, 1933. Hanbury, the chairman of the board of trustees of the mortgagor, so testified, saying that "the equipment not affixed or attached to the building * * * was in the possession of the Elks Club * * * until

the time that the receiver in bankruptcy was appointed." Folio 110. It is true that, when the receiver in bankruptcy got to the premises, he found the receivers in foreclosure there, as well as the mortgagee, but proof is lacking that they were in possession of the chattels when the petition was filed or that the receivers were ever in possession of the chattels. The complaint in the foreclosure suit when describing the property (the lien upon which was to be foreclosed) contained the very clause (taken from the mortgage) which we have already quoted. The property so described did not as a matter of law include any chattels on the premises that were not attached to the realty. The claim of the Manufacturers' Trust Company, as the purchaser in foreclosure, of any right to possession of the chattels in dispute was unsubstantial, for it was precluded by settled construction of the clause in the mortgage on which its claim was based and the petition in bankruptcy was filed before possession was attempted in assertion of its claim.

The stipulation between the state receivers and the receiver in bankruptcy was no more than a consent on the part of the former that the receiver in bankruptcy might use the mortgaged premises to conduct a breakfast there and receive the net proceeds thereof.

We are satisfied that the referee was right in holding that there was no substantial basis for the claim of the Manufacturers' Trust Company to the chattels and that the court properly awarded them to the trustee in bankruptcy.

The order is affirmed.