PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Successor Trustee by Merger to BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee by Merger to AMERICAN TRUST COMPANY, under a Certain Mortgage or Deed of Trust Made by ELLDA CORPORATION, Bearing Date October 1, 1925, Respondent, *v.* ELLDA CORPORATION and Others, Defendants, Impleaded with JACOB O. MAY, on Behalf of Himself and All Other Holders of Mortgage Bond Participation Certificates Herein Similarly Situated, Appellant, and THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, Intervenor, Respondent.*

First Department, December 13, 1935.

* Modfg. and affg. 147 Misc. 374.

*T. Bernard Eisenstein* of counsel [*Samuel Hershenstein*, attorney], for the appellant.

*Bernard Sobol* of counsel [*O'Brien, Boardman, Hewitt, Memhard & Early*, attorneys], for the plaintiff-respondent.

*Ralph A. Newman*, of counsel [*Woolsey A. Shepard* and *Frank J. Podesta* with him on the brief; *Wise, Shepard & Houghton*, attorneys], for the defendant-respondent.

GLENNON, J. This action was commenced by plaintiff, as trustee, for the foreclosure of a trust mortgage on premises in New York city known as the Hotel Elysee. By order of the court at Special Term defendant-appellant, Jacob O. May, who is the owner and holder of certificates of participation in the trust mortgage of the par value of $44,600, intervened in the action for the purpose of raising issues not presented in the original pleadings. One of the claims advanced by May was that the trust mortgage covered not only the real estate, but also the furniture, furnishings and other personal property in the hotel. The original pleadings were amended to present this issue for the determination of the court. A brief summary of the facts will show the conflicting positions of the several parties to this action.

On October 1, 1925, Ellda Corporation was the owner in fee of premises 56 East Fifty-fourth street. On that date it executed a bond and trust mortgage in the sum of $700,000 on the property to the American Trust Company, as trustee. The present plaintiff by merger became a successor trustee. The mortgage contains the following provisions:

" The Mortgagor does hereby grant, release and mortgage unto the Trustee and its successors and assigns forever:

"All those certain lots, pieces or parcels of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows: * * *

" Said premises being now known as and by the street numbers 56, 58 and 60 East 54th Street.

" Together with the appurtenances and all the estate and rights of the Mortgagor in and to said premises, and together with all appurtenant fixtures and articles of personal property now or hereafter attached to or used in connection with said premises.

" To have and to hold the above granted premises unto the Trustee, its successors and assigns forever."

Under the terms of the mortgage, Ellda Corporation covenanted that with reasonable dispatch and on or before September 1, 1926, it would erect and have ready for occupancy fully equipped a fifteen-story apartment hotel. The building was subsequently constructed and equipped according to the agreement.

On June 12, 1925, Ellda Corporation leased the premises to one Max Haering for a term of twenty-one years. He assigned the lease to the Hotel Elysee Company, Inc.

This lease contained a provision, among others, that the lessee, as security for the performance of its terms and conditions, was to furnish the premises with certain personal property consisting of furniture, furnishings, linen, china, glassware, fixtures and other chattels and give to Ellda Corporation a chattel mortgage on this personal property and any replacements thereof. Pursuant to this provision the Hotel Elysee Company, Inc., supplied the premises with the chattels mentioned and on January 31, 1927, executed and delivered its chattel mortgage to Ellda Corporation.

Prior to October, 1927, the Hotel Elysee Company, Inc., defaulted in the payment of rent and on October 13, 1927, it was dispossessed by final order in a summary proceeding. On the same day Ellda Corporation foreclosed the chattel mortgage on the personal property and held a public sale. Ellda bid in the property which consisted of the furniture, furnishings and other chattels above mentioned for $40,000, and assumed possession of the hotel and of all the personal property contained in it.

On October 25, 1927, Ellda Corporation sold the personal property in the hotel to the defendant L. E. C. Corporation for $50,000. On the following day it leased the hotel to L. E. C. Corporation and took back a chattel mortgage on the personal property as security for the performance of the terms and conditions of the lease. On December 23, 1931, L. E. C. Corporation was in default in the payment of rent. Ellda Corporation, however, did not bring dispossess proceedings. Instead, it accepted a surrender of the lease and canceled and satisfied the chattel mortgage. On the same day it executed a quit claim deed to the property to Commonwealth Bond Corporation, as committee, and L. E. C. Corporation sold the personal property to Commonwealth Bond Corporation, as committee, for the sum of $80,000. The latter raised the money for

this purchase by obtaining a loan from the defendant, The Continental Bank and Trust Company of New York, and gave the bank a chattel mortgage on the personal property as security for the loan.

Thus, the main question to be determined is whether the claim and lien of plaintiff under the mortgage with respect to the inventoried furniture and personal property located in the Hotel Elysee is superior to the lien of the respondent, The Continental Bank and Trust Company of New York, as the holder of a chattel mortgage. We believe that it is.

In view of a recent decision of the Court of Appeals in *President and Directors of Manhattan Co.* v. *Newberry* (265 N. Y. 588), it becomes unnecessary to discuss the numerous authorities dealing with the subject. That case, basically, was for the foreclosure of a trust mortgage on an apartment hotel containing a personal property clause identical with the one contained in the trust mortgage in this case. It read: " Together with the appurtenances and all the estate and rights of the Mortgagor in and to said premises, and together with all appurtenant fixtures and articles of personal property now or hereafter attached to or used in connection with said premises." In the decision in the *Newberry* case there is a finding of fact that the personal property in the hotel was covered by the mortgage. The pertinent portion of the finding is as follows: " Together with the appurtenances and all the estate and rights of the Silrap Construction Co., Inc., in and to said premises and together with all the appurtenant fixtures and articles of personal property now or hereafter attached to or used in connection with said premises.

" Together with the furniture, furnishings, rugs, linens, draperies, equipment and personal property of every kind and character, and all other goods, chattels, and personal property of every kind and character on the mortgaged premises on and after May 7, 1931, all of which were or were intended to be included in the bill of sale dated on that day by the defendant, Silrap Construction Co., Inc., to the defendant, Commonwealth Bond Corporation."

By the interlocutory judgment entered therein, the defendants were foreclosed of any interest in the personal property. The decision of Special Term was affirmed by the Appellate Division, Second Department, without opinion (241 App. Div. 686), and likewise by the Court of Appeals (265 N. Y. 588).

Ellda Corporation foreclosed its chattel mortgage on the personal property after Hotel Elysee Company, Inc., had been dispossessed. Beyond question, when it acquired title to the personal property in the hotel on October 13, 1927, by purchase at public auction, for $40,000, the property immediately became subject to the lien

of plaintiff's mortgage under the clause which has been hereinbefore set forth. Anything that it did thereafter could not deprive plaintiff, as trustee, of its lien on the personal property. Our holding, therefore, is that the claim and lien of the plaintiff with respect to the furniture and personal property is superior to that of the respondent, The Continental Bank and Trust Company.

The next contention urged by the defendant May is that the Commonwealth Bond Corporation must be removed as committee for the holders of bond certificates and enjoined and restrained from acting as committee. This question we deem fully determined by our decision in *Jewett* v. *Commonwealth Bond Corporation* (241 App. Div. 131; appeal dismissed, 267 N. Y. 554). Accordingly, the same procedure will be followed here as was adopted in that case.

In the order to be entered provision will be made with respect to the compensation and allowance to the attorney for the defendant-appellant, May. Provision will likewise be made for the sale of the property upon terms most advantageous to the certificate holders.

The judgment should be modified in accordance with this opinion and as so modified affirmed.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment modified in accordance with opinion and as so modified affirmed. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.