318

HIERONIMUS A. HEROLD, Committee of the Estate of MICHAEL P. FLYNN, an Incompetent Person, Respondent, *v.* COHRONE BOAT COMPANY, INC., and Others, Defendants, Impleaded with DAVID L. HIRSCH, Appellant.

Second Department, December 31, 1936.

*Eugene Newman*, for the appellant.

*Bernhardt M. Meisels*, for the respondent.

CARSWELL, J. Is plaintiff's real property mortgage, with an after-acquired personal property clause therein, a superior lien to that of a subsequent chattel mortgage covering some of the personal property contained in the real property? It has been held to be superior, and defendant Hirsch, who owns the chattel mortgage, appeals.

The controlling facts are that plaintiff became the owner, on July 9, 1930, of a first mortgage for $8,000 on certain real property in Queens county used by the mortgagor, Marine Warehouse, Inc., and upon which parcel were several buildings containing machinery for the repair and construction of boats. The mortgage was recorded July 11, 1930, and contained *inter alia* a coverage clause reading: " Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage."

Marine Warehouse, Inc., subsequently sold the property subject to this mortgage to Cohrone Boat Company, Inc. Later, on January 9, 1935, defaults occurred in the payment of interest and taxes. On September 10, 1935, defendant Cohrone Boat Company, Inc., executed a chattel mortgage covering machinery in the buildings and on the premises to the Manhattan Security Company for a loan of $1,250. This chattel mortgage, duly recorded, was assigned to defendant Hirsch.

On September 17, 1935, plaintiff began this action to foreclose his first mortgage. Shortly thereafter defendant Hirsch began a separate action, involving the machinery, because of a default in the payment of principal and interest due under the chattel mortgage. These two actions were consolidated. Defendant Hirsch's answer in the consolidated action, in a counterclaim, asserted a prior lien on the machinery and chattels enumerated in the chattel mortgage.

Defendant Hirsch argues that the personal property clause relating to after-acquired personal property is ineffectual as to him and his rights under the chattel mortgage. He relies chiefly upon cases which concern contests between a real property mortgagee with such an after-acquired personal property clause and vendors of personal property under conditional sales agreements. He misapprehends the basic distinction between the powers of a possessor of personal property *without title*, holding the same under a conditional sales agreement, and the powers of the possessor of subsequently acquired personal property *with title* thereto.

When a mortgagor executes a real property mortgage with an after-acquired personal property clause therein, the mortgagor creates a lien, not only on the real property, but also on the personal property described therein, the title to which he has or subsequently acquires, whether or not it be affixed to the real property. Hence a subsequent chattel mortgage purporting to cover, in whole or part, the same personal property is subordinate to the lien of the prior real property mortgage with the after-acquired personal property clause. (*President & Directors of Manhattan Co.* v. *Newberry,*

265 N. Y. 588; *President & Directors of Manhattan Co.* v. *Ellda Corp.*, 245 App. Div. 625; *Shelton Holding Corp.* v. *150 E. 48th St. Corp.*, 264 N. Y. 339.)

Where, however, the mortgagor does not have or acquire title to personal property subsequently placed in or attached to the real property as a consequence of such property being the subject of a conditional bill of sale under which the vendor has effectually retained title by compliance with the Personal Property Law, then the lien of the real property mortgage with the after-acquired personal property clause does not attach to the property subsequently placed in or affixed to the real property. (*Central Chandelier Co.* v. *Irving Trust Co.*, 259 N. Y. 343; *Madfes* v. *Beverly Development Corp.*, 251 id. 12; *Central Union Gas Co.* v. *Browning*, 210 id. 10; *City Bank Farmers Trust Co.* v. *Progress Club of City of New York*, 237 App. Div. 812.)

In one instance, as here, the mortgagor has or acquires title to certain personal property which he can subject to the lien of a real property mortgage with an after-acquired personal property clause, while in the other, the mortgagor does not have title and, therefore, the real property mortgage with the after-acquired personal property clause which he executes is ineffectual to create a lien on such personal property, the title to which he has not acquired. We are not here concerned with the complications engendered by the failure of a vendor of subsequently acquired personal property to adequately comply with the statutes, with the consequent effect on title.

The distinction indicated made proper the ruling of the trial court that it was of no legal significance whether or not these particular chattels were or were not affixed to the real property in a manner which would permit of severance without material injury to the freehold.

That different rights stem from an after-acquired personal property clause in a real property mortgage where a subsequent conditional sales agreement is involved as distinguished from a subsequent chattel mortgage, is indicated by similar distinctions in other situations between two such instruments. (*Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.*, 243 N. Y. 95, 99.)

The judgment in so far as it affects appellant should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., CARSWELL, DAVIS, JOHNSTON and TAYLOR, JJ.

Judgment of foreclosure and sale, in so far as it affects appellant, unanimously affirmed, with ten dollars costs and disbursements.