In the Matter of the Probate of the Last Will and Testament of ROSE VOGEL, Also Known as ROSE BASSMAN, Also Known as ROSE BASSMAN VOGEL, Deceased. DAVID VOGEL, Appellant; ANNA BASSMAN and JACOB M. SILVEY, Executors Named in the Last Will and Testament of ROSE VOGEL, Deceased, Respondents. — Appeal from a decree of the Surrogate's Court of Kings county denying the petitioner, husband of the decedent, the right of election under section 18 of the Decedent Estate Law, and also denying his right to a setoff of exempt personal property pursuant to section 200 of the Surrogate's Court Act. Decree unanimously affirmed, with costs to respondents, payable by appellant personally. The burden of establishing that the husband abandoned the deceased wife was upon the executors who alleged that fact. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583.) They amply sustained that burden without recourse being had to the certificate of conviction of the husband in the Domestic Relations Court (Family Court) of the City of New York, County of Kings. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

HENRY E. KRAMMER, Respondent, v. STEPHEN VAN DE WATER, Appellant.— Appeal dismissed, without costs, in view of the decision of motion (*ante*, p. 733), decided herewith. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

MANUFACTURERS TRUST COMPANY, as Trustee under a Declaration of Trust Dated December 31, 1935, Respondent, v. PECK-SCHWARTZ REALTY CORPORATION and Others, Defendants, and PIEDMONT HOLDING CORPORATION, Appellant.— In an action to foreclose a mortgage covering real and personal property, judgment of the County Court of Nassau county in favor of plaintiff unanimously affirmed, in so far as appealed from, with costs. (*Herold* v. *Cohrone Boat Company, Inc.*, 249 App. Div. 318.) Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

OTTO MAZZELLA, Appellant, v. DAVID ANDERSON and CHARLES BIALOR, Respondents.— In an action for personal injuries sustained by plaintiff, a passenger in defendant Bialor's automobile, which collided with defendant Anderson's automobile at an intersection, judgment entered on a verdict in favor of the defendant Anderson unanimously affirmed, with costs, and judgment in favor of defendant Bialor reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Bialor admitted he approached Fulton street (a main highway) at thirty miles an hour and crossed it at that speed, even though he saw a sign at the intersection warning him to stop. In our opinion, the verdict in favor of Bialor is against the weight of the evidence and the charge was prejudicial to plaintiff. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.