HELEN GRANT, Plaintiff, *v.* ATLANTIC ASSETS, INC., Defendant.

City Court of New York, Trial Term, Bronx County, July 22, 1937.

*Benjamin Herdes*, for the plaintiff.

*Harold L. Leddy*, for the defendant.

DONNELLY, J. The second amended complaint herein alleges, *inter alia*, that the defendant has become possessed of and wrongfully detains the chattels therein set forth; it demands judgment against the defendant for the possession of said chattels, or, in case possession thereof cannot be given to plaintiff, the sum of $3,000.

On the trial plaintiff's demand for a money judgment was with-

drawn; it was then stipulated that in the event plaintiff prevails, judgment be entered directing defendant to turn over to plaintiff such of the refrigerators as the court found plaintiff to be entitled to the return thereof. The refrigerators in question are the chattels mentioned in the complaint.

On September 26, 1929, Archland Building Corporation executed a mortgage on the realty then owned by it to Realty Foundation, Inc. This mortgage was, after certain *mesne* assignments, foreclosed by Foundation Properties, Inc. Judgment of foreclosure and sale was duly entered July 17, 1935; under the referee's deed in foreclosure, this defendant became the owner of the premises on the 23d of August, 1935.

Some time after March, 1932, the refrigerators in question, fifty in number, were purchased by Archland Building Corporation on the usual conditional sales agreement, which provides that title thereto shall not vest in the conditional vendee until the purchase price of said refrigerators shall have been fully paid. From time to time after the purchase and for a period covering several months, these refrigerators were delivered to the premises in question and installed in the apartments therein.

On the 12th day of August, 1935, Archland Building Corporation duly set over, transferred and assigned to the plaintiff herein all its right, title and interest in and to said refrigerators. At the time of the delivery of the referee's deed in foreclosure, fourteen of the so-called Norge refrigerators had been fully paid for; on three of them there was still an unpaid balance; on the remaining thirty-three Trukold refrigerators there was likewise an unpaid balance. The complaint herein, which is in conversion, must be dismissed as to the thirty-six refrigerators. No title to those chattels was acquired by plaintiff between the date of the assignment to her by Archland Building Corporation, August 12, 1935, and August 22, 1935, when this action was commenced.

The mortgage on the realty executed by Archland Building Corporation, the conditional vendee, which recites, " the mortgagor hereby conveys to the mortgagee all that lot * * * of land," contains the following coverage clause: " Together with the buildings and improvements, fixtures, equipment and appliances erected or to be erected thereon now or hereafter attached to or used in connection with the said premises, all of which are covered by this mortgage."

At bar the question which arises is between the conditional vendee who was the owner of the premises at the time of the installation of the refrigerators, and a subsequent purchaser of the same

premises, who acquired title thereto on the sale thereof in foreclosure of the mortgage on said premises.

At bar we need not concern ourselves with the question of whether or not these refrigerators were or were not attached to the real property in a manner which would permit of severance without material injury to the freehold. (*Herold* v. *Cohrone Boat Co., Inc.*, 249 App. Div. 318.) In the case just cited it was held: "When a mortgagor executes a real property mortgage with an after-acquired personal property clause therein, the mortgagor creates a lien, not only on the real property, but also on the personal property described therein, the title to which he has or subsequently acquires, whether or not it be affixed to the real property." In the instant case, as in *Herold* v. *Cohrone Boat Co., Inc. (supra)*, the mortgagor had or acquired title to certain personal property, and as it was there held, *that* personal property "he can subject to the lien of a real property mortgage with an after-acquired personal property clause." *President & Directors of Manhattan Co.* v. *Newberry* (265 N. Y. 588) was for the foreclosure of a trust mortgage on an apartment hotel containing a personal property clause which reads: " Together with the appurtenances and all the estate and rights of the mortgagor in and to said premises, and together with all appurtenant fixtures and articles of personal property now or hereafter attached to or used in connection with said premises." At Special Term there was a finding of fact that the personal property in the hotel was covered by the mortgage, and by the interlocutory judgment entered, the defendants were foreclosed of any interest in the personal property. The decision of Special Term was affirmed by the Appellate Division, Second Department, without opinion, and likewise by the Court of Appeals (*President & Directors of Manhattan Co.* v. *Ellda Corp.*, 245 App. Div. 625 [First Dept].).

So far as this plaintiff is concerned, the complaint as to the fourteen remaining refrigerators is likewise dismissed. Exception to plaintiff. Ten days' stay and thirty days to make and serve case.