# In re 671 PROSPECT AVE. HOLDING CORPORATION.

## NEWFIELD v. EAST RIVER SAV. BANK.

No. 346.

Circuit Court of Appeals, Second Circuit.

June 13, 1938.

Nathan B. Fogelson, of New York City (Max Rockmore, of New York City, of counsel), for appellant.

Wayland & Bernard, of New York City (Caesar Nobiletti, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The trustee in bankruptcy appeals from an order which adjudged and decreed that the lien of the mortgage held by the appellee (East River Savings Bank) covering real estate situated in the Borough of the Bronx, City and State of New York, covered also all the chattels in the catering establishment maintained on the premises and all the replacements and additions thereto and ·further, other personalty· used in the operation of the premises. The bankrupt was the assignee of a contract to purchase real estate consisting of land and building from the appellee. Pursuant to the terms of the agreement, the bankrupt gave a purchase money mortgage which in addition to covering the real estate also contained a personal property clause which declared in part that it covered "* * * any and all * * * improvements, fixtures and articles of personal property used in the operation of said premises or any part thereof, * * *;· together with any and all * * * improvements, fixtures and other articles of personal property at any time hereafter constructed or placed upon said premises or any part thereof, (including certain specific enumerated articles), * * *, whether herein enumerated or not, constituting a part of the plant thereof or belonging to the owner of the premises, and all other equipment and machinery, appliances, fittings and fixtures of every kind in, or used in the operation of, any building now or hereafter standing on said premises, together with any and all replacements thereof and additions thereto * * *."

On the same day and as further security for the payment of the same debt, the bankrupt gave to the appellee a separate instrument as a chattel mortgage covering certain specifically enumerated chattels. This chattel mortgage was never filed because of an agreement between the president of the bankrupt and the appellee, which provided that "* * * in consideration of the bank witholding the filing of said chattel mortgage for a period of one year from the date of said mortgage * * * Samuel Fuchs, the guarantor herein does hereby agree to indemnify the said East River Savings Bank against any loss which it may sustain by withholding the filing of said mortgage." The unfiled chattel mortgage is ineffective to grant to appellee a lien on the chattels in dispute, and the sole question presented on this appeal is whether appellee has a prior lien on the chattels on the basis of the personal property clause in the real estate mortgage.

■ The standard clause of the Real Property Law of the State of New York (Consol.Laws, c. 50, § 254) reads: "Together with all fixtures and articles of personal property attached to, or used in connection with, the premises." It has been held that chattels such as gas ranges do not become part of the realty in New York when attached thereto (Madfes v. Beverly Development Corporation, 251 N.Y. 12, 166 N.E. 787) and that they are not fixtures within § 67 of the New York Personal Property Law (Consol.Laws, c. 41) which provides that if goods were so affixed to the realty at the time of a conditional sale as to become a part thereof and not severable without material injury to the freehold, the reservation of property is void as to any one who has not given his express consent. Alf Holding Corporation v. American Stove Co., 253 N.Y. 450, 171 N.E. 703. But it has also been held that such chattels are covered by the Standard Personal Property clause in a real estate mortgage because they come within that section of the clause which refers to personal property attached to the premises. Cohen v. 1165 Fulton Ave. Corporation, 251 N.Y. 24, 166 N.E. 792. However, the problem to be considered is whether such a personal property clause also includes chattels which are used in a business conducted on the premises but are not attached to the realty. In Central Chandelier Co. v. Irving Trust Co., 259 N.Y. 343, 182 N.E. 10, a mortgagor purchased lighting fixtures under a conditional bill of sale. Some of these fixtures were unattached; others were attached. The court held that a standard personal property clause in a real estate mortgage did not cover the unattached fixtures since they were neither attached to the premises nor being used in connection therewith. In Shelton Holding Corporation v. 150 E. Forty-eighth St. Corporation, 264 N.Y. 339, 191 N.E. 8, the lessee installed kitchenette equipment with money obtained from the mortgagee. The lessee then gave a chattel mortgage on this equipment to a third party. Suit was brought to have the chattel mortgage cancelled. The court held that a real estate mortgage with a personal property clause covered the equipment, even though it was not affixed to the realty. Also see Herold v. Cohrone Boat Co., 249 App.Div. 318, 292 N.Y.S. 81. In President, etc., of Manhattan Co. v. Ellda Corporation, 245 App.Div. 625, 283 N.Y.S. 827, the court held that a standard personal property clause in a real estate mortgage upon a hotel included such items as furniture, china, linens and glassware. Also see President, etc., of Manhattan Co. v. Newberry, 265 N.Y. 588, 193 N.E. 333. Thus, under the laws of New York and the decisions of its courts, a personal property clause in a real estate mortgage may create a lien on chattels described therein and may also be made broad enough to cover after acquired property; and clauses similar to the one in the instant case have been interpreted broadly and held to include all personal property used in connection with the premises and not just such property as is attached to the premises. The phrase "used in connection with, the premises" includes such unattached personalty as is necessary in effecting the purposes for which the premises were designed. It is true that, in addition to the real estate mortgage containing the clause referred to above, a chattel mortgage in the sum of $20,000 on certain enumerated articles of personalty used in the catering business was provided for and executed, but not filed. Therefore, it is argued that this is evidence that the parties did not intend to rely upon the coverage provided by the personal property clause in the real estate mortgage. However, the giving of a chattel mortgage would indicate merely that the parties intended this as additional security to the real estate mortgage.

■ The appellee contracted to sell premises which were used for catering purposes in which there was personal property useful and necessary in that business. The record shows that the bankrupt intended to purchase such personal property from one Kynin when the real estate was purchased by it. The bankrupt purchased the personal property from Kynin prior to the execution of the real estate mortgage. It seems clear that when these transactions took place it was contemplated by all the parties that the bankrupt take title to the personal property then on the premises. The intent is clear to subject the personal property to the lien of the realty mortgage, as property used on the premises.

In Ex parte Benevolent and Protective Order of Elks, Manufacturers' Trust Co. v. Bachrach, Trustee, 2 Cir., 69 F.2d 816, relied upon by appellant, advances under the building loan were made to be applied

to the cost of erecting the building and were made without regard to whether the mortgagor installed the furnishings and equipment therein. It was not until after all advances had been made that the furnishings were purchased and installed by the mortgagor. We held that the furnishings were not subject to the mortgage despite a personal property clause.

In the instant case, both the personal property and the real estate were covered by the realty mortgage.

Order affirmed.