In the Matter of the Application of FRANK CAPALBO, Appellant, for an Order Directing BERTRAND F. DRAKE, M. D., as Director of Public Health of the City of New Rochelle, Respondent, to Reissue to Said FRANK CAPALBO the Permit Heretofore Issued to Him, etc., in the City of New Rochelle, Revoked February 7, 1940.— Proceeding brought pursuant to article 78 of the Civil Practice Act, to compel respondent, as the director of public health of the city of New Rochelle, to reinstate a permit heretofore issued to petitioner for the collection of garbage in the city of New Rochelle, and revoked by respondent.   Order dismissing the petition unanimously affirmed and determination confirmed, with ten dollars costs and disbursements.   No opinion.   Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Petition of DOROTHEA HAAS to Obtain an Order Construing the Last Will and Testament of LOUIS G. HAAS, Deceased.   HERMAN ZEIHER, FRANCES DEUTSCH, GASPAR DEUTSCH and MARIE WOELLNER, Appellants; TOWNSEND L. CANNON, Special Guardian for Infants, BARBARA HAAS and SUSANNA HAAS, and JESSIE GILSON HAAS, Respondents; DOROTHEA HAAS, Administratrix C. T. A. of the Estate of LOUIS G. HAAS, Deceased, Petitioner, Respondent. — Decree of the Surrogate's Court of Westchester County, construing certain portions of the will of testator, in so far as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate.   No opinion.   Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Application of ELIZABETH A. MAIDEN for a Determination as to the Validity and Effect of Her Notice of Election to Take the Intestate Share of a Widow as against the Last Will and Testament of JAMES EDGAR MAIDEN, Deceased.   ELIZABETH A. MAIDEN, Appellant; ALFRED J. KENNEDY, Public Administrator of the County of Queens and Administrator with the Will Annexed of JAMES EDGAR MAIDEN, Deceased, WINNIE BOOTHMAN, GEOFFREY TALBOT and ERNEST TALBOT, Respondents.— Appeal from a decree of the Surrogate's Court of Queens County denying the petitioner, widow of the decedent, the right of election under section 18 of the Decedent Estate Law.   Decree reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate, the application granted, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly.   The burden of establishing that the petitioner abandoned her deceased husband was upon the administrator with the will annexed and the other parties to the proceeding who alleged the fact.   (Matter of Vogel, 251 App. Div. 741.)   This burden was not sustained.   If the testimony given by the petitioner is rejected, the record is devoid of any proof as to what caused the separation.   Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: The surrogate was fully justified in refusing to believe the testimony of the appellant as to the reason she separated from her husband.   If she did not leave her husband for the reason she gave, then she left voluntarily.   The decree of the Surrogate's Court should be affirmed.