■ In the Matter of the Claim of GEORGE DOREMUS, Respondent, against TALLMAN FIRE DISTRICT et al., Appellants, and TOWN OF RAMAPO et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant, a volunteer fireman, sustained an accident in the firehouse of the Tallman Fire District on July 29, 1952. He has recovered benefits under section 205 of the General Municipal Law exceeding any workmen's compensation to which he would be entitled. Involved here are only payments for medical expenses in excess of $500, and the controversy is really between two carriers. Tallman Fire District carried a policy covering benefits under the General Municipal Law and the Workmen's Compensation Law with the Employers' Liability Assurance Corporation, Ltd. (hereinafter called Employers). The Town of Ramapo (within which the Tallman Fire District is located), carried a policy covering benefits under the General Municipal Law and the Workmen's Compensation Law with Hartford Accident and Indemnity Company (hereinafter called Hartford). The board has held that Employers is solely liable for the medical payments in excess of $500, and has relieved Hartford from liability. Employers contends that there is concurrent coverage, and that such payments should be divided between the two carriers. The real issue is whether the town or the fire district is liable. By amendment subsequent to the time of this accident (L. 1953, ch. 852), and pursuant to the Volunteer Firemen's Benefit Law (L. 1956, ch. 696), it is made clear that the fire district is now responsible. At the time of this accident, however, the provisions of the General Municipal Law and the Workmen's Compensation Law were somewhat confusing on this question. However, we think that the provisions of section 10 of the Workmen's Compensation Law at the time of the accident indicated a legislative intent to render the town liable only in the event the fireman was a member of a "town fire department" or was injured outside a "city, village or fire district". (See *Bauman* v. *Town of Irondequoit*, 204 Misc. 494; affd. 282 App. Div. 916; affd. 307 N. Y. 926.) In the case of *Matter of Schraeder* v. *Mendon Volunteer Fire Co.* (278 App. Div. 986), relied upon by appellants, the issue here presented was not raised. Decision affirmed, with costs to respondents filing a brief against appellants. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ PAUL ZURLIN, Respondent, v. HOTEL LEVITT, INC., Appellant, et al., Defendants.— Appeal by the only answering defendant, Hotel Levitt, Inc., from an order of the Supreme Court entered in Sullivan County, granting plaintiff's motion for summary judgment in a mortgage foreclosure action, and from the judgment entered thereon. The bond and mortgage were executed and delivered

by appellant on July 11, 1949. An extension agreement executed by its secretary-treasurer, dated January 17, 1951, recited a balance due of $22,500 and recited that "there are no defenses or offsets to the aforesaid mortgage or to the bond which it secures". Payment of interest thereafter to January 15, 1956 is not denied, nor is the default alleged in the complaint. It is without dispute that, prior to the execution of the mortgage, Sadie Goldman and her brother, Isadore Levitt, were the sole stockholders of the defendant corporation. Sadie Goldman purchased all of her brother's stock and became the sole stockholder. The mortgage was given to secure the purchase price of the stock. The answer of the corporation alleges what is characterized in appellant's brief as "the main defense", that the mortgage was given without any consideration running to the corporation, and was *ultra vires*. While ordinarily such a defense would be available, here the mortgage was consented to and executed by the sole stockholder. No rights of then existing creditors were involved. The sole stockholder was the equitable owner of the corporate property, and, under the undisputed circumstances present here, was free to dispose of or incumber it as she saw fit. Sadie Goldman, as sole stockholder, not only executed her formal consent to the mortgage, but she executed it as president of the corporation. The corporation may not repudiate a mortgage which it has not questioned for approximately nine years, for the benefit of its sole stockholder when that sole stockholder would be estopped from denying the validity of the mortgage. (*Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184, affd. 302 N. Y. 734; *Katsoris* v. *Durham House*, 280 App. Div. 718.) Other affirmative defenses pertain to the failure to affix United States documentary stamps to the bond and mortgage, an assignment of the mortgage, and the extension agreement. Such failure does not invalidate the instruments and appellant does not so contend, but merely asserts that there is some vague, indefinite question of fact concerning whose duty it was to affix the stamps. We agree with the court below that the affirmative defenses and the moving papers do not raise any real question of fact or triable issue. The mortgage, in describing the mortgaged property, recited: "Together with all personal property owned by the party of the first part now located on the premises". The Referee in his report stated: "I recommend the premises be sold in one parcel." The judgment so directed. Appellant now contends that the premises should have been sold in separate parcels or that at least the personal property should have been sold separately. Such an issue was not raised until the sale, and no evidence was offered before the referee that the property could be sold in parcels, although the appellant was represented by counsel in attendance. We are told without challenge that the property, mortgaged as one unit, consisted of hotel property operated as one unit with personal property necessary in effecting the purpose for which the property was designed. Similar general personal property clauses in real estate mortgages have been held to create an effective lien upon all personal property used in connection with the real estate. No authority is cited by appellant, and we know of none, which requires that the personal property be sold separately or that the items be enumerated. (*President & Directors of Manhattan Co.* v. *Ellda Corp.*, 245 App. Div. 625; *Matter of 671 Prospect Ave. Holding Corp.*, 97 F. 2d 513.) The order and judgment are affirmed, with costs. There is pending at Special Term a motion by appellant to vacate and set aside the sale which has already been held pursuant to the judgment of foreclosure and sale. By stipulation of the parties it was agreed that this court decide such motion. The motion is denied, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.