LIGHTOLIER COMPANY, Appellant, *v.* DEL MAR CLUB HOLDING Co., INC., Respondent.*

First Department, January 13, 1933.

*Joseph Feldman* of counsel [*Louis Rosenberg*, attorney], for the appellant.

*Charles H. Bellows* of counsel [*Benj. J. Goldman* with him on the brief], for the respondent.

FINCH, P. J.    Every conveyancer and every person whose rights are to be affected looks to find all instruments affecting real property duly recorded or filed in the county in which the real property is situated.    This was done in the case at bar but has been held of no avail.

This appeal relates to the proper place of filing of a contract of conditional sale of electric lighting fixtures with intent to attach (which is not denied and for which purpose they were expressly purchased by written contract) and thereafter in fact attached to the realty.    More specifically, the question presented is whether

---

* Revg. 144 Misc. 876.

a contract of this nature should be filed in the office of the register of the county where the real property is situate, pursuant to section 67 of the Personal Property Law, or in the office of the town clerk of the town where the purchaser of the fixtures has its principal place of business, pursuant to section 66 of the Personal Property Law.

The facts out of which the controversy arises are as follows: On March 31, 1931, a contract of conditional sale was entered into between the plaintiff, as conditional vendor, and Atlantic Beach Apartments Corporation, the then owner of the realty, as conditional vendee. Said contract provided that title to the goods was to remain in the vendor until fully paid for. It required delivery of the fixtures to the premises of the vendee to be used in the building operation of the latter, and in a schedule attached to the contract was specified the rooms in the building to which each particular fixture was to be furnished and attached.

On May 2, 1931, prior to the delivery of the fixtures, a duplicate original of the contract was duly filed in the office of the clerk of the county of Nassau, that being the county in which the realty was situate and the office in which deeds to such realty were required to be recorded, pursuant to section 67 of the Personal Property Law. Subsequently the fixtures were delivered to the building and affixed, and have since been in continuous use. On June 29, 1931, the conditional vendee mortgaged the premises to Island Park Associates, Inc., by an instrument which purported to mortgage the realty, " together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises." This mortgage was subsequently consolidated with another mortgage, the consolidated mortgage foreclosed, a referee's deed delivered to the Island Park Associates, Inc., and the realty conveyed by the latter to the defendant.

There remained unpaid under the aforesaid contract of conditional sale the sum of $3,850, and the plaintiff brought this action to replevin the fixtures delivered as aforesaid.

The defendant alleged in defense that the contract for the sale of the chattels should have been filed in the office of the register of the county of Queens, where the purchaser had its principal place of business, pursuant to section 66 of the Personal Property Law, and that by reason of such failure the mortgagee was without knowledge of the conditional sale. By way of counterclaim, defendant demands a foreclosure of its mortgage in respect to the aforesaid chattels.

Section 66 of the Personal Property Law, in so far as material,

provides as follows: " Every other conditional sale contract or a copy thereof, except contracts for the conditional sale of goods specified in section sixty-seven of this article must be filed in the office of the city or town clerk in the city or town in which the buyer resides."

It remains only to determine, therefore, whether the conditional sale contract in the case at bar is included within the provisions of section 67. Said section reads as follows:

" § 67. Fixtures. If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed as against any person who has not expressly assented to the reservation. If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and containing the name of the owner thereof and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty. As against the owner of realty who is not the buyer of the goods the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and containing the name of the owner thereof and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

Upon its face this section would seem unequivocally to apply to a conditional sale of goods expressly sold to be attached to specific realty and thereafter so attached as in the case at bar. In fact, it is difficult to see how there can reasonably be any argument to the contrary.

It is the contention of the respondent, nevertheless, that under the decision of the Court of Appeals in *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12), the fixtures covered by the contract

of conditional sale continued to be personalty irrespective of the manner of their attachment to the realty, or of any agreement between the vendor and vendee, and hence are not affected by the provisions of section 67.

The case above cited would seem limited to the particular subject-matter thereof, namely, gas ranges, and not to lay down a general rule as to fixtures or appliances subject to attachment to real property. The court appeared to recognize in that case a rule of property in respect to the particular property, namely, gas ranges, and to consider itself bound by its prior decision in the case of *Central Union Gas Co.* v. *Browning* (210 N. Y. 10). The court, by majority opinion, said: "We do not feel it to be the province of the court now to alter a rule of property so well established. If relief be needed, the Legislature may provide it.

"The case of *Central Union Gas Co.* v. *Browning* (*supra*) is conclusive upon this issue and requires us to hold that the gas ranges in question are not subject to the lien of the mortgage held by the plaintiff."

Moreover, the court in *Madfes* v. *Beverly Development Corp.* (*supra*) was not considering the question of the proper place of filing of the contract of conditional sale. The only question before the court was whether the gas ranges covered by the contract of conditional sale were subject to the lien of a mortgage subsequently placed upon the real property to which they were attached, and which mortgage did not purport to cover anything but the realty. The court held that failure to comply with section 67 would not convert things inherently personalty into realty so as to be included in a mortgage upon real property exclusively. Had the mortgage there involved included personalty attached to the realty (as does the mortgage in the case at bar), a different question would have been presented. This is demonstrated by the later case of *Central Chandelier Co.* v. *Irving Trust Co.* (259 N. Y. 343). It is further to be noted that in both the cases of *Madfes* v. *Beverly Development Corp.* (*supra*) and *Central Chandelier Co.* v. *Irving Trust Co.* (*supra*), the contracts of conditional sale were filed pursuant to section 67 of the Personal Property Law, and not section 66. In neither case was the place of filing held improper. Upon the contrary, in the case of *Madfes* v. *Beverly Development Corp.* the court expressly stated that the conditional sale agreement, though filed too late, had been " filed in the appropriate public office " (p. 14).

Moreover, as a practical matter, it would serve no useful end to file such contracts of conditional sale except where they would be discovered by a search of the records of the real property involved.

This is made clear in the comment of Bogert upon the purpose of section 67 in 2-A Uniform Laws, Annotated, section 64, where he says: " This section is intended to establish a special filing section for the conditional sale of fixtures. * * * If the conditional sale is concerned with goods which are to be attached to land, the object so sold is to be held out to the world as a part of the realty, although the parties to the conditional sale contract may agree that it shall keep its status as personalty. Creditors and purchasers, the persons for whose benefit the recording acts are enacted, are going to regard the goods conditionally sold, as a part of the realty to which they are attached and any searches made will be concerned with real property records."

In *Kohler Co.* v. *Brasun* (249 N. Y. 224) the court, speaking unanimously through Judge O'BRIEN, said: " * * * This section is designed for a double purpose. It protects buyers of real estate upon which some types of property are attached in such a manner as to render uncertain their character as realty or personalty. Equally, it operates as a protection to the conditional vendor of a fixture. A stove, a pump, a dynamo may be a chattel belonging to the owner of the realty or it may be so firmly fastened to the freehold as to constitute a part of it and yet, by reason of some agreement, may conditionally belong to its original owner. Such doubts respecting the character of this kind of property and its ownership can reasonably be entertained as may require prolonged litigation for their solution. The thing may be realty belonging to the vendor of the land or it may be personalty to which a reserved title may reside in a stranger. The statute informs the vendee of the land concerning his rights and duties. If he searches the office where land titles are recorded, he may find documents describing the fixture, its conditional owner and the circumstances under which it happens to be attached to the realty. If no such documents have been placed on file, the statute assures him that he may confidently purchase the fixtures either as part of the realty or as a chattel belonging to the vendor of the realty. If the seller of this personal property files a copy of the conditional bill of sale and the brief statement as directed by the statute, his rights, likewise, are fully guarded. Section 67 provides a fair method for protection to all."

In the case at bar the plaintiff, conditional vendor, having duly filed the conditional sale contract pursuant to section 67, the defendant mortgagee had constructive notice thereof, and is bound thereby. It is immaterial, therefore, in what manner the fixtures were attached to the realty. No issues are presented for trial, and plaintiff is entitled to summary judgment.

It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

O'MALLEY, SHERMAN and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). Plaintiff sold on March 31, 1931, to Atlantic Beach Apartments Corporation, defendant's predecessor in title, certain electric light fixtures which were to be installed in a building owned by the purchaser, situated in the county of Nassau. A conditional bill of sale was executed and filed in the office of the register of Nassau county. The office of the purchaser at that time and at the time of the filing of the contract was in Long Island City, in the county of Queens. There was never any filing of the conditional bill of sale in the office of the register of Queens county. The defendant had no knowledge or information of any reservation of title to the fixtures in question. The defendant is the present owner of a mortgage given by the vendee of the electric light fixtures covering the real property where the fixtures were to be installed and also the personal property therein contained. On June 29, 1931, Atlantic Beach Apartments Corporation executed its mortgage for $24,168 to Island Park Associates, Inc., covering the real property where the fixtures already had been installed. This mortgage was duly recorded July 9, 1931. The mortgage covered real estate, " together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage." This mortgage was consolidated with a prior mortgage executed on July 18, 1930, for $70,832, the consolidation agreement creating a single lien for $95,000, and recorded on said July 9, 1931. The consolidation agreement also contained the same clause covering the personal property on the mortgaged premises. On January 15, 1932, Island Park Associates, Inc., the mortgagee, was awarded judgment of foreclosure of said mortgage upon the real property covered thereby. Upon the sale the real estate realized the sum of $1,000, leaving a deficiency of $102,508.72, including the mortgage covering the personal property, amounting to $24,168. The mortgagee received no notice of the plaintiff's conditional bill of sale at the time the mortgage was made, and advanced the consideration of the mortgage upon the faith and credit of the property and chattels thereon, including the fixtures sold by plaintiff. Defendant claims to be a purchaser of the chattels for value without notice of plaintiff's claim, and in its answer asserts a counterclaim for the foreclosure of the mortgage on the personal property now held by it.

The motion of the plaintiff for summary judgment was denied by the court at Special Term.

The only question involved upon this appeal is as to whether or not the filing of the conditional bill of sale in Nassau county protected the rights of the conditional vendor, or whether those rights to the chattels were forfeited by the failure to file the conditional bill of sale in the county of Queens where the purchaser had its principal office. The defendant, who now claims to hold these chattels, asserts that it never had any notice or information, either actual or constructive, of the existence of plaintiff's conditional bill of sale. Section 66 of the Personal Property Law requires that a conditional sale agreement of personal property, other than any chattels covered by section 67 of the Personal Property Law, shall be filed in the city or town of the buyer's residence. Section 67 of the Personal Property Law provides that such conditional sale agreement relating to chattels affixed or to be affixed to the real estate is to be filed in the office where the deed of the realty would be recorded to affect such realty. Therefore, the question presented by the motion was as to the place where the conditional sales agreement of the electric fixtures should have been filed pursuant to sections 66 and 67 of said law. Whether or not the chattels which plaintiff now claims are determinate or indeterminate was clearly a question of fact to be determined upon the trial. The only real question presented here is as to whether or not the electric fixtures sold by plaintiff to the former owner of the property were in the class known as indeterminate, so that according to the intention of the parties they remained personalty or became a part of the real estate, and the contract, therefore, under the provisions of section 67 of the Personal Property Law was required to be filed with the proper officer in the county where the real estate is situated, or whether, despite any such agreement, they still retained their " determinate " character as chattels and, therefore, subject to section 66 of the Personal Property Law. The court at Special Term held that " the most that may be said in plaintiff's favor is that an issue of fact is presented as to whether the fixtures fall within the class of ' determinate ' movables or within the category of ' indeterminate ' movables." Also, that an issue may be present as to whether or not the mortgage was taken by defendant in good faith and without any knowledge or information, actual or constructive, of the ownership of the chattels by the plaintiff. Those issues can only be determined upon the trial. The question as to whether the electric light fixtures are personalty, and, therefore, not within the meaning of section 67 of the Personal Property Law, seems to have been thoroughly discussed by the

Court of Appeals in the case of *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12, 15). The court distinguishes the three classes of chattels which may be used in connection with real property, as follows: " Certain chattels have such a determinate character as movables that they remain personal property, after their annexation to real estate, independently of any agreement between the owner of the chattels and the owner of the realty which so provides. (*Cosgrove* v. *Troescher*, 62 App. Div. 123; *Central Union Gas Co.* v. *Browning*, 210 N. Y. 10.) Other chattels, such as the brick, stone and plaster placed in the walls of a building, notwithstanding an agreement to the contrary, conclusively become real estate after annexation thereto. (*Ford* v. *Cobb*, 20 N. Y. 344, 351; *Voorhees* v. *McGinnis*, 48 N. Y. 278, 287; *Tifft* v. *Horton*, 53 N. Y. 377; *East New York El. Co.* v. *Petmaland Realty Co.*, 243 N. Y. 477.) ' It will readily be conceded that the ordinary distinction between real estate and chattels exists in the nature of the subject, and cannot in general be changed by the convention of the parties.' (*Ford* v. *Cobb, supra.*) ' If the property had in its own nature a determinate legal character, either as realty or personalty, the manner in which the parties treated it would not change that character.' (*McRea* v. *Central National Bank of Troy*, 66 N. Y. 489.)

" Between the two classes of chattels, those which, after annexation, due to the inherent nature of the subject or the mode of annexation, remain personalty, and those which, due to the mode and purposes of annexation, conclusively become real estate, there was, at common law, a large class of movables which, after attachment, continued to be personal property, or became real estate, accordingly as the owner of the chattels and the owner of the real estate might have agreed (*Ford* v. *Cobb, supra; Tifft* v. *Horton, supra; Fitzgibbons Boiler Co.* v. *Manhasset Realty Corp.*, 125 App. Div. 764; revd. on the dissenting opinion of SCOTT, J., 198 N. Y. 517; *DeBevoise* v. *Maple Avenue Construction Co.*, 228 N. Y. 496; *East N. Y. El. Co.* v. *Petmaland Realty Co., supra; Duntz* v. *Granger Brewing Co.*, 41 Misc. Rep. 177; 96 App. Div. 631; 184 N. Y. 595). The limitation set to this doctrine was that it should not include a chattel ' where the subject or mode of annexation is such that the attributes of personal property cannot be predicated on the thing in controversy ' (*Ford* v. *Cobb, supra*); ' as where the property could not be removed without practically destroying it, or where it or part of it, is essential to the support of that to which it is attached.' (*Tifft* v. *Horton, supra.*) At common law, articles of this third class, excepting those within the group excluded by the limitation, when sold under a conditional sale contract reserving title to the seller, after annexation retained their original character

and continued to be the property of the seller, as against subsequent purchasers for value of the real estate, although, but for the intention of the parties evidenced by the contract, they would have become real property. (*Duntz* v. *Granger Brewing Co., supra; Fitzgibbons Boiler Co.* v. *Manhasset Realty Corp., supra; DeBevoise* v. *Maple Avenue Construction Co., supra; East 'N. Y. El. Co.* v. *Petmaland Realty Co., supra.*)

" Self-evidently, the provision quoted from section 67 of the Personal Property Law was intended to affect only chattels belonging to the class which we have denominated third. It was the legislative purpose that a condition reserving title in the seller, to be found in a conditional sale contract, should no longer have the effect of impressing upon articles, annexed to a building by the purchaser in such a manner as otherwise to have become real estate, the continuing character of personal property. The provision in terms relates to none other than goods ' so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold.' Goods affixed to realty which, in the absence of an agreement that their original character should be retained, would not have ' become part thereof ' but would in any event have remained personalty, are not affected by the provision [Sec. 67]."

It seems to me that the court was entirely correct in indicating in its opinion that the electric light fixtures in question had not lost their determinate character, and that, therefore, the conditional bill of sale, in order to protect the plaintiff, should have been filed in the county of Queens, and, at most, a question of fact is presented which can only be determined at the trial as to whether or not the fixtures were indeterminate or determinate. Section 66 of the Personal Property Law provides as follows: " * * * Every other conditional sale contract or a copy thereof, except contracts for the conditional sale of goods specified in section sixty-seven of this article must be filed in the office of the city or town clerk in the city or town in which the buyer resides * * * except that where there is a recording officer's office in such city or town or borough of a city in which such conditional sale contract or copy thereof is required to be filed as aforesaid, such conditional sale contract or copy thereof must be filed in such recording officer's office."

There can be no doubt that the principal office of a domestic corporation is to be regarded as the corporation's place of residence. (*Finch School* v. *Finch,* 144 App. Div. 687.) The defendant, being now the holder of the mortgage in question, is entitled to all the rights of the original mortgagee.

I think the order was right and should be affirmed, with twenty dollars costs and disbursements to defendant, respondent, against plaintiff, appellant.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice with provision for assessment of damages.