## In re LAKE'S LAUNDRY, Inc.
### No. 473.

Circuit Court of Appeals, Second Circuit.
July 29, 1935.

L. HAND, Circuit Judge, dissenting.

————◆————

Archibald Palmer, of New York City (Archibald Palmer, Harry D. Glicksman,

Sydney Basil Levy, and Samuel Masia, all of New York City, on the brief), for appellant debtor.

Harold C. Mendelson, of New York City (Abraham S. Rudnick, of New York City, on the brief), for appellee American Laundry Machinery Co.

Lipton & Nachby, of New York City (Samuel R. Nachby and Samuel B. Lipton, both of New York City, on the brief), for appellee Samuel G. Braun.

Dills, Muecke & Schelker, of New York City (Duane R. Dills, M. G. Golden, and Eliot E. Berkwit, all of New York City, on the brief), for appellee Commercial Credit Corporation.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The debtor filed its petition for reorganization under section 77B in the District Court for the Southern District of New York on February 13, 1935, and the petition was approved the same day. Thereafter each of the appellees moved to reclaim property sold and delivered to the debtor under conditional sales contracts. One such petition related to an automobile truck and the others to machinery. All of these sales contracts had been executed and filed as provided by the laws of New York, and the debtor was in default in respect to each contract when the petition for reorganization was filed.

■ Though some question has been raised as to whether or not the appellees are creditors within the purview of section 77B we think it too plain that they are to require extended comment. The debtor had made contracts which required it to pay them certain agreed sums of money at stated times and the payments had not been made. This alone made them creditors, in that they were holders of claims against the debtor, and under subdivision (b) of section 77B of the act (11 USCA § 207 (b) it is immaterial whether such claims were provable under the Bankruptcy Act or not.

A plan of reorganization has been filed. All the property of the debtor will be affected by it if and when it is approved. If the property covered by these conditional sales contracts is property of the debtor, it should not be permitted to be taken out of the reorganization proceedings before the approval of the plan. If it is not such property, the pendency of the reorganiza-

tion proceedings cannot curtail such rights in respect to it as would otherwise be possessed by the sellers.

If the appellees had only a lien upon the property, as they would were they mortgagees, it is clear that it would be covered by the reorganization petition. Section 77B includes within its scope property of the debtor on which another has a lien or mortgage. In re Prudence-Bonds Corp., 77 F.(2d) 328 (C. C. A. 2). Compare Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. 1110 (Decided April 1, 1935).

But, even though section 77B is a remedial statute to be construed liberally, we think Congress did not intend to ignore the distinction between property mortgaged by a debtor and property held by a debtor as conditional vendee. The distinction has been recognized in legislation from early times, and was a part of the common law. The fact that Congress expressly included the words "conditional sale agreement" in subdivision (o) (6) of section 75 of the act, 11 USCA § 203 (o) (6), and omitted any reference to conditional sales in subdivision (c) (10) of section 77B of the act, 11 USCA § 207 (c) (10), is significant and points to the conclusion that it meant in this instance to exclude property in the possession of the debtor whose rights therein were only those of a conditional vendee. We should not ignore the distinction. Quinn v. Bancroft-Jones Corporation, 18 F.(2d) 727 (C. C. A. 2). That property held by a conditional vendee is the property of the conditional vendor until the contract price is paid is a principle firmly rooted in the law. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Interstate I. & P. Corp. v. United States Fire Ins. Co., 243 N. Y. 95, 152 N. E. 476; In re Master Knitting Corporation, 7 F.(2d) 11 (C. C. A. 2); In re Fitzhugh Hall Amusement Co., 230 F. 811 (C. C. A. 2). In New York the Uniform Conditional Sales Act is in force (New York Personal Property Law §§ 60-80-i). Under its provisions the common-law rule prevails except as to any purchaser from or creditor of the buyer, who without notice of the contract, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy of it shall be filed as the law requires. Baker v. Hull et al., 250 N. Y. 484, 166 N. E. 175. So within the provisions of section 77B the

property the appellees sold the debtor under these conditional sales contracts, which provided that it should remain the property of the sellers until paid for, is not property of the debtor. For that reason it is not a part of the subject-matter of the reorganization proceedings, and such rights as the sellers may have under New York law to repossess the property cannot be impaired in this suit. We now leave open all questions as to final disposition of the proceeds of such equities in the property as the debtor may be found to have when it is repossessed and dealt with as the laws of New York provide.

Orders affirmed.

L. HAND, Circuit Judge, dissents with opinion.

L. HAND, Circuit Judge (dissenting).

I cannot agree. Section 77B, Bankr. Act (11 USCA § 207) is an effort to allow an embarrassed corporation to continue its existence without dismemberment. The common law knew no way but to let the creditors sell the assets; bankruptcy was equally limited until in composition it devised a lame remedy, lame because when sufficient cash could not be raised, it was substantially unavailable. Courts continued rigid against preventing creditors from getting their money, even after large industrial plants became common; as to which the conventional remedies were totally inapplicable. The power to sell separable chattels, more or less fungible, or even land itself, presupposes a market, a concourse of buyers who will compete. There is no such concourse for such plants and sales are a mockery. After struggling for many years under the patent subterfuge of a sale to committees of creditors, Congress took this step and declared that when it was just, the creditors might be compelled to accept new interests in the property; or, if secured, might be held off temporarily, just as equity had always more or less held them off. The power to turn the new interests into cash may perhaps be taken as an equivalent; but at any rate the purpose is clear and I think we ought to effect it amply and without too scrupulous an adherence to the letter.

It seems to me a barren distinction, though indubitably true, that title does not pass upon a conditional sale; "title" is a formal word for a purely conceptual notion; I do not know what it means and I question whether anybody does, except per-

haps legal historians. The relations resulting from conditional sales are practically the same as those resulting from mortgages; I would treat them as the same when we are dealing with the reorganization of the debtor's property. It is true that the two transactions have always been classed separately because of their form; the law is full of such divisions and often we ought not to disregard them, but we are dealing here with the word, "property," used in a very wide phrase; the plan "may deal with all or any part of the property of the debtor," (section 77B (b) (10) of the act, 11 USCA § 207 (b) (10). I do not see how anybody can deny that the buyer has a legally protected interest in chattels conditionally sold, and in this setting "property" should include all legally protected interests. The result of what we now decide will be to prevent the reorganization of many of the smaller companies who get their capital in this way. It is true that when Congress defined the proceedings which a farmer might enjoin pending efforts at conciliation, the foreclosure of conditional sales was grouped with chattel mortgages; (section 75 (*o*) (6) of the act, 11 USCA § 203 (*o*) (6); but, although section 77B does use the word, "mortgage" a few times, though never "chattel mortgage," in the analogous provision (section 77B (c) (10), 11 USCA § 207 (c) (10), it speaks only of "liens," surely the most comprehensive of words. I cannot find in this supposed contrast any evidence of a difference of intent.

I am not saying that these sellers should be enjoined; we are not deciding that; but I do think that the court has power to enjoin them. If they can be protected, as probably they can, I can see no reason why they should be allowed to upset all efforts at rehabilitation.