84 F.2d 388 (1936)
In re BURGEMEISTER BREWING CO.
MICHAEL YUNDT CO.
v.
PHILLIPS.
No. 5745.
Circuit Court of Appeals, Seventh Circuit.
June 8, 1936.
*389 Malcolm K. Whyte and Herman E. Friedrich, both of Milwaukee, Wis., for appellant.
Frederick A. Thulin and J. C. Gregory, both of Chicago, Ill., for appellee.
Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.
PER CURIAM.
Appellant sold debtor, on May 16, 1933, bottle washing equipment under a conditional sales contract. The purchase price was $15,000 of which $6,000 has been paid. On October 16, 1934, a petition was filed under section 77B of the Bankruptcy Act (11 U.S. C.A. § 207) for the reorganization of debtor. Appellee was named trustee after a ruling that the petition showed jurisdiction and was filed in good faith. Notice to creditors was given, but appellant filed no claim. Later it filed a petition for reclamation  the immediate possession of the equipment. The court denied the relief sought and dismissed the petition and ruled that appellant should not participate in any plan of reorganization.
This order was erroneous. Appellant was not required to file a claim against debtor. Title to the machinery was in the vendor, the appellant. In re Abell (C.C.A.) 19 F.(2d) 965; Reardon v. Rock Island Plow Co. (C.C.A.) 168 F. 654. It could not be divested of title by the passage or application of section 77B of the Bankruptcy Act.
The established law of conditional sales contracts in bankruptcy is applicable in 77B proceedings. In re Lake's Laundry, Inc. (D.C.) 11 F.Supp. 237, affirmed (C.C.A.) 79 F.(2d) 326, 102 A.L.R. 247.
Appellant was entitled to the property upon condition broken unless appellee paid the amount due upon the contract. What is said here is not intended to limit the power of a court of equity with jurisdiction of the res, to determine when and in what manner one seeking to recover a part of such res shall enforce his remedy.
The order of the District Court is reversed, with directions to proceed in accordance with the views herein expressed.