### In re DOTY.
### No. 9341.

District Court, S. D. Iowa, Central Division.

Sept. 12, 1938.

Thomas J. Butler, Jr., of Des Moines, Iowa, for debtor.

Paul Neal, Jr., of Des Moines, Iowa, for Chase Inv. Co.

DEWEY, District Judge.

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the 6th day of September, 1938, on a petition for review of an order made by the referee refusing to dismiss from the proceedings the 1932 Oldsmobile sedan held as the property of the debtor.

A motion to dismiss on the ground that the court was without jurisdiction to hold the property was filed before the referee by the Chase Investment Company. The evidence establishes that possession of the sedan is held by the debtor under a conditional sales agreement; that the conditions of the agreement have not been complied with by the debtor, as payments on the conditional sales agreement were in default at the time of the filing of the petition; and that the sedan is exempt property.

These proceedings were instituted by the debtor under Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, and at the time of the filing of the petition cer-

tain payments on the conditional sales contract had not been made but the creditor had not at that time declared or served notice of cancellation. The debtor is a painter and uses the automobile in carrying on his business and under the laws of the State of Iowa under this situation the property is exempt.

It is apparent that at the time of the filing of the debtor's petition the debtor was in possession of the property and that possession, if nothing more, came into the bankruptcy court.

The situation therefore under both the conditional sales contract and the question of exemption is the same in that the title to the property in both instances did not pass to the bankruptcy court, but jurisdiction over the property did, and, conceding for the purpose of argument, that on the filing of a reclamation petition, or for authority to proceed with the re-caption of the property because exempt, the court may have released the property to the creditor, still the possession is in the bankruptcy court and without such an order or orders the creditor is not authorized to take the possession from the bankruptcy court; and the motion therefore of the Chase Investment Company, being based entirely on a question of jurisdiction of the court to hold the possession, is without merit and was properly overruled by the referee.

However, it is apparent that this property cannot be held for administrative purposes, the facts being as they are.

There is authority that it could not be so administered as against a conditional sales contract; In re Lake's Laundry, 2 Cir., 79 F.2d 326, 102 A.L.R. 247; although by a divided court, and the dissenting opinion of Judge Hand is impelling and probably should be followed in view of the recent decision of the Supreme Court of the United States in the case of Wright v. Union Central Life Co., 58 S.Ct. 1025, 82 L.Ed. 1490, decided May 31, 1938. It has also been determined by the 9th Circuit in the case of Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816, that the exempt property cannot be so held for administrative purposes.

But there is another situation presented by the evidence which it seems to me is controlling, and that is, that to permit an extension and change in the time and method of payments on the purchase price of this automobile would be in effect to use the security of the creditor, the Chase Investment Company, for the benefit of the unsecured creditors. The very nature of the property is such that it is deteriorating with use and to permit that deterioration to continue for the benefit of the unsecured creditors would be a taking of the property of the Chase Investment Company without compensation, which is prohibited by the Constitution. Louisville Joint Stock Land Bank v. Radford, 295 .U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

The referee is therefore authorized and directed to require the debtor to file his composition or extension proposal forthwith and unless provision is made for the prompt and full payment of the delinquent amounts due the Chase Investment Company and their continued payment during the course of administration, approved by the creditors, that the automobile be released to the debtor as exempt, subject to any claims of the Chase Investment Company.

Both parties except.