### LINCOLN–ALLIANCE BANK & TRUST CO. v. DYE.

#### No. 126.

Circuit Court of ·Appeals, Second Circuit.

Dec. 11, 1939.

Charles Dickerman Williams, of New York City, for appellant.

Charles Van Voorhis, of Rochester, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The only question in this case is whether the bankruptcy court was obliged to allow the mortgagee to foreclose a mortgage upon the ship three weeks after a petition for reorganization of the mortgagor had been filed on April 17, 1939, under Chapter X of the Bankruptcy Act, 11 U.S.C. A. § 501 et seq. It is quite true that on the showing made there was little chance that any equity in the ship existed, or that the foreclosure could in the end be avoided. The principal and interest due upon the mortgage was over $175,000 and the only evidence of her value was an appraisal of $125,000; she had been operated at a loss for the season of 1938, if interest be included as an expense; and the trustee could hold out only remote hopes of any betterment, though he had secured a fixture for her for the season of 1939. The judge denied the motion without prejudice, but, instead of waiting for time to develop the hopelessness of any plan of reorganization—the ship is substantially the only asset—the mortgagee appealed. The appeal did not come on to be heard until November 14, when the season for 1939 was nearly over.

If, instead of appealing, the mortgagee had availed itself of its privilege to move again, it is at least not impossible that it could have foreclosed before this. Even at the outset there was indeed little chance of saving anything for the unsecured creditors, and it must be owned that the showing made was persuasive. Nevertheless, the proceeding had been begun, presumably with a genuine hope of success, and it appears to us extreme to say that at the end of only three weeks the judge had no choice but to terminate it, as he would have done had he granted the motion. It lay within his discretion to give the trustee a little more time in which to turn round and try such expedients as might seem plausible, even at the expense of the mortgage. The order will therefore be affirmed, but we do not suggest that, in the absence of some very radically different change in the prospects, it would be justifiable to hold off the mortgagee any longer.

Order affirmed.