In re WHITE PLAINS ICE SERVICE, Inc.

No. 189.

Circuit Court of Appeals, Second Circuit.

Feb. 26, 1940.

Delson & Weintraub, of New York City, for appellant debtor in possession.

Nathan B. Fogelson, of New York City, and Thomas J. O'Connor, of White Plains, N. Y., for appellant creditors' committee.

Lionel Bennett, of White Plains, N.Y., for appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The White Plains Ice Service, Inc., is a debtor being reorganized under the provisions of Chapter XI of the Chandler Act, 11 U.S.C.A. § 701 et seq., on its voluntary petition filed in the district court for the Southern District of New York. It has been continued in possession under the supervision of a committee of creditors and in conducting its business is using certain

ice-making machinery and equipment which it purchased in 1933 under a conditional sales contract on which it was in default when its petition was filed. This machinery and equipment was purchased from The Carbondale Machine Company, which is herein represented by a committee of its former stockholders who filed a petition to reclaim the property conditionally sold and to secure the right to occupy the premises where it is located. The petition was granted and this appeal followed.

The conditional sales contract provided that the title to the property sold should remain in the seller until the purchase price was fully paid; that in case of default, or of the purchaser's insolvency, the entire unpaid part of the purchase price should at once become due; in which event the seller might enter the premises where the property was installed and remove all or any part of it; that if the property was installed in leased premises the seller should be entitled to take over the term under stated contingencies and conditions; and that the purchaser should procure from the lessor a proper release from the landlord and deliver it to the seller before the seller delivered the property under the contract to be installed in the premises. The premises in which the property was installed had been leased by the purchaser a few days before the conditional sales contract was signed with the evident intention of so using it, for the lease expressly provided that in the event of a default by the lessee The Carbondale Machine Company might occupy the leased premises and remove or sell the machinery if it should fulfill all the obligations of the lessee under the lease. The lease also provided that any purchaser to whom the conditional vendor might sell the machinery could occupy the premises provided that purchaser at the time of the purchase gave the lessor a written assumption of full liability of all the then unperformed obligations of the lessee and of those to be performed in the future.

The conditional sales contract was filed on December 26, 1933 in accordance with the provisions of § 65 of the New York Personal Property Law, Consol.Laws, c. 41, but thereafter was only filed and refiled in the registry with a statement in accordance with the requirements of § 67 of the same law which applies to the recording of a conditional sales contract when the property is, either at the time of the conditional sale or subsequently, so affixed to realty "as to become part thereof but to be severable without material injury to the freehold * * *." As the first filing under § 65 was never renewed that act is now ineffective so far as this appeal goes. But that is of no consequence since the contract covered what was found below on ample evidence to have become the kind of property as to which the conditional vendor's rights may be preserved by filing under § 67. The filing and refiling under § 67 was therefor adequate. This was heavy ice-making machinery and equipment substantially fastened to the realty. Certainly it became in fact as much an addition to the real estate as did the electric light fixtures in Lightolier Co. v. Del Mar Club, 237 App.Div. 432, 262 N.Y. S. 32, affirmed, 263 N.Y. 588, 189 N.E. 711, where filing under § 67 was held sufficient. The gas ranges in Madfes v. Beverly Development Corporation, 251 N.Y. 12, 166 N.E. 787, were property quite different in character and manner of installation in the premises.

The appellants have argued that because there was a provision in the contract that the property should not under any circumstances "be regarded as fixtures to the realty upon which same shall be placed or attached" there could be no effective filing of the contract under § 67. This agreement by them in no way changes the fact that the property was affixed to the realty as found nor did it alter the provisions of the New York Law in respect to the effect of such attachment on the way the contract should be filed for record. Title in the vendor was reserved by the terms of the contract and was, of course, effective as to the parties to it whether or not there was any filing. As to all others, the filing gave sufficient notice no matter how the parties had agreed to regard the property after it was so affixed to the realty.

Since the conditional vendor held the title to the property at the time the debtor's petition was filed, it could be reclaimed as the judge below held. In re Lake's Laundry, Inc., 79 F.2d 326, 102 A.L.R. 247; Matter of Burgemeister Brewing Co., 7 Cir., 84 F.2d 388. The debtor was at most entitled only to have the claimants restrained from interfering with the property until its status could be determined and that time has now passed.

The conditional vendor's right to the occupancy of the premises to remove or

sell its property flows from the provisions of the lease as a consequence of the debtor's default under the contract. The lease gave the conditional seller the right to enter and take over the term upon fulfilling the lessee's obligations to the landlord. It, and the landlord's release which was given as the contract required, were plainly designed to prevent the landlord reëntering and disposing of the conditional vendor's property to the injury of the vendor. In accordance with the provisions of the contract, the lease was in fact delivered to the conditional vendor "to be held by it until all notes have been paid and to be taken over by seller for its use and purposes without charge or liability therefor if purchaser defaults in the payment of any note or notes". This assignment of the term, effective upon default at the election of the conditional vendor, though perhaps somewhat unusual, was to enable the vendor to protect its property if need for that should arise after the purchaser's default. Upon debtor's default under the lease, the landlord could have reëntered despite the reorganization proceedings and the debtor has no just complaint because the conditional vendor has been allowed to take over the term upon assumption of its liabilities.

■ The appellants insist that because the parties stipulated at the trial that there was due on the contract approximately $5000 "subject to a more accurate computation in the event that such computation is required" that the order below should at least be modified so as to permit the debtor to discharge its entire liability to the appellees by the payment of $5,000 and be thus freed from the necessity for surrendering the property and possession of the premises. The stipulation itself shows that it was not intended to be a firm agreement that the amount due was exactly $5,000.

It was apparently made to avoid the need otherwise to prove the debtor's default for the purpose of the reclamation proceeding. There should be an accounting to determine the exact amount due and the debtor should be given a reasonable time to pay that if it cares to do so. If such payment is not made the debtor should be required to surrender the possession of the property conditionally sold and of the occupancy of the premises.

Order affirmed and cause remanded for further proceedings in conformity to this opinion.

CLARK, Circuit Judge, concurs.

CLARK, Circuit Judge (concurring).

The debtor's petition for an arrangement was filed December 27, 1938; the conditional vendor's petition to reclaim, early the following April. After the adverse judgment below, the debtor secured a stay, which is now in effect continued until the exact amount due the vendor is determined and the debtor has had a reasonable time to pay it. That is certainly all the grace the debtor can possibly claim; and if it cannot then take care of this obligation, it must, of course, surrender possession. But I desire to point out how this demonstrates that in practice In re Lake's Laundry, Inc., 2 Cir., 79 F.2d 326, 102 A.L.R. 247, does not force as prompt a surrender of possession to a conditional vendor as some commentators have thought,[1] and that power does exist in a reorganization court to make such stays as are not unreasonable in the light of the vendor's legal priority. And In re Burgemeister Brewing Co., 7 Cir., 84 F.2d 388, 389, said as much. Cf. 11 U.S.C.A. §§ 516, 548, 714; Lincoln-Alliance Bank & Trust Co. v. Dye, 2 Cir., 108 F.2d 38.

---

[1] Cf. Finletter, Bankruptcy Reorganization, 150–153; Glenn, 25 Va.L.Rev. 559, 583; Brown, 14 Tenn.L.Rev. 485; 35 Col.L.Rev. 1305; 5 Fordham L.Rev. 153; 4 Geo.Wash.L.Rev. 419; 49 Harv. L.Rev. 328; 34 Mich.L.Rev. 579; 13 N. Y.U.L.Q.Rev. 279; 84 U. of Pa.L.Rev. 250.