## BARTH EQUIPMENT CO., Inc., v. PERLSTEIN.

### No. 262.

Circuit Court of Appeals, Second Circuit.

May 21, 1942.

Goodman & Friedman, of New York City (Bernard Friedman and Leon R. Nemore, both of New York City, of counsel), for claimant-appellant.

Levin & Weintraub, of New York City (Benjamin Weintraub, of New York City, of counsel; Samuel Singer, of New York City, on the brief), for trustee-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The bankrupt, which operated a restaurant at the World's Fair, purchased certain equipment from the appellant on two contracts of conditional sale, totaling $2,894.79. On August 1, 1940, while in default in its payments on these contracts, the bankrupt filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. Two weeks later, appellant brought on a motion in the bankruptcy proceeding for permission to reclaim the equipment and to dispose of it pursuant to the contracts and the New York Personal Property Law, Consol.Laws, c. 41. The motion was adjourned to August 22, and decision was reserved. Following the closing of the World's Fair on October 27, the arrangement proceedings were terminated and the debtor was adjudicated a bankrupt. The appellant, thereupon, was permitted to retake its equipment on November 22. On December 30, the equipment was sold at public auction, and the appellant realized $750, against a total balance then due of $1,718.61. It has now filed a claim for a

deficiency,[1] and, in addition, a claim, as an expense of administration, for rental, or "use and occupancy," of the equipment during the period from August 1, when it first became entitled to reclaim the equipment, to October 27, when the World's Fair closed and the bankrupt's business came to an end. There was never any agreement between the parties to pay such rental, and the claim is based solely on the delay in returning the equipment.

Although decided by a divided court and criticized by some commentators, In re Lake's Laundry, Inc., 2 Cir., 79 F.2d 326, 102 A.L.R. 247, certiorari denied Lake's Laundry v. Braun, 296 U.S. 622, 56 S.Ct. 144, 80 L.Ed. 442, establishes the right of the conditional vendor to reclaim from his vendee in bankruptcy. But, as In re White Plains Ice Service, Inc., 2 Cir., 109 F.2d 913 and, especially, the concurring opinion therein make clear, the privilege of reclamation is not so absolute that its exercise may not be subjected to a reasonable delay. While in that case the time was needed to enable the debtor to determine the amount due and to pay it if possible, we do not need to decide under what circumstances, in the absence of such a reason, the vendor must be given immediate possession. Cf. In re Ideal Laundry, D.C., 10 F.Supp. 719; In re White Plains Ice Service, Inc., supra, 109 F.2d at page 915; 49 Harv.L.Rev. 328. For, in any case, unexcused delay will not entitle the vendor to change, chameleon-like, into a landlord; the most he can claim, if anything, we think, is the damage caused him by the delay, and in the present case he has shown none.

It appears that on August 1, when the vendor claims the equipment should have been turned over to him, less than 50% had been paid on one contract, but that possibly more than 50% had been paid on the other. Since appellant would have been required by § 79 of the New York Personal Property Law to sell the goods covered by the first contract at public auction, it could not have also rented them out, and therefore its only loss because of the delay was a drop, if any, in the market value of the goods. It proved no such loss; in fact, the referee stated that there was an excellent market for restaurant equipment, "for a month after the Fair closed." Instead of taking advantage of this condition, it waited until December to sell.

But even if less than 50% of the purchase price had been paid on both contracts, so that on reclaiming the goods the appellant could have rented or resold them, no loss has been established. Again, there has been no showing that it could have resold the goods on better terms on August 1 than on October 27, or that it lost a rental market in the interim.

The order below is affirmed.

---

[1] We have been unable to reconcile precisely all the amounts given in the record, and the referee himself referred to the figures as incomplete. The exact amounts involved, however, are not crucial, since we do not rest our opinion on any precise calculations.