In re CENTRAL ILLINOIS OIL &
REFINING CO.

FLORI PIPE CO. v. HALE.

No. 8135.

Circuit Court of Appeals, Seventh Circuit.

Feb. 22, 1943.

Rehearing Denied March 12, 1943.

Irl B. Rosenblum and Bernard Mellitz, both of St. Louis, Mo., for appellant.

Eugene H. White, of Centralia, Ill., and Paul L. Hale, of St. Louis, Mo., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

Appellant sold bankrupt a bill of merchandise consisting of oil processing equipment, in 1939. The terms of the sale were evidenced by a written conditional sales contract. After the purchaser's adjudication as a bankrupt, appellant sought, but was denied, the right to reclaim the property. Refusal to grant this relief was due to its having filed an involuntary petition in bankruptcy against the debtor, without mentioning or asserting its lien. Such action was held to constitute a waiver of its rights under the conditional sales contract.

The merchandise, which consisted of smoke stacks, valves, pipes, tanks, etc., were sold the bankrupt, to be used by it at its plant at Central City, Illinois, for processing oil. The sales price was $9,126.83. Payments reduced this sum to $5,760. With attorneys' fees, interest and expenses, the claim was filed for $9,077.65.

As a single creditor, appellant filed its involuntary petition against bankrupt. Its petition stated:

"* * * your petitioner is a creditor of * * * (bankrupt) having *provable*

claim against it, fixed as to liability and liquidated in amount, amounting to $5,760.-00; the nature and amount of your petitioner's claim is as follows: Goods, wares and merchandise sold and delivered to the said * * * (bankrupt) at the express instance and request of the said alleged bankrupt on August 25th, 1939, in the total amount of $9,126.83, upon which there is presently due the sum of $5,760.00."

No other allegations describe appellant's claim. The petition was verified. Adjudication followed.

After adjudication, the reclamation petition was filed, but before action was taken a rule to show cause was entered (of which appellant had notice and made no objection) why the entire property [1] of bankrupt should not be sold free of liens, the liens to attach to the proceeds. Such a sale was had, and confirmed. It brought $7,000 upon a sale in bulk.[2] Other lien claims, as fixed by the court, totalled $2,283.09. Appellant's claim was allowed as a general claim.

After the sale, an answer was filed to appellant's reclamation petition, and a hearing was had before the referee, whose report denied the relief sought. The District Court approved the referee's action, and this appeal followed.

The chief bases for the referee's action were: (1) appellant's alleged waiver of its lien, occasioned by the filing of the petition in bankruptcy without any mention of the existence of a lien; (2) the property was not reclaimable since it had lost its identity in the premises where it was installed, and it was not clear that the property of appellant was still on the premises, or if it were still there, where it was located, and any valuation thereof would be pure guess work.

A chronological history is set forth in the margin.[3]

Since we conclude that the District Court correctly held the filing of the involuntary petition in bankruptcy amounted to a waiver, we will state but briefly the other facts of the case.

When appellant sold the merchandise to bankrupt, it added twenty per cent. to the standard purchase price of the articles, and received in addition to its padded price, one thousand shares of bankrupt's stock, and the president of the appellant became a director of bankrupt. As such director, Mr. Flori participated in the negotiation of two successive sales of vendee's properties to companies, which it was hoped might make the plant a prosperous venture. Each failed to do so. Appellee cites Mr. Flori's action in paying unsecured creditors in full, and secured creditors only partially, with the receipts of such sales, as instances of bad faith. Appellant, however, cites these efforts as indicative of its good faith. Appellee also points to amounts which appellant asserted as its total indebtedness at various times as $5,760, in the original petition, $9,077.65, in the reclamation petition, and $7,128, at the referee's hearing.

Other defenses were,—appellant was unable to identify more than a portion of the items sold at the trustee's sale, as being the property claimed under the reclamation petition, and such property, conceding it was reclaimable, was worth less than $750. The trustee is willing that appellant go on the premises and attempt to recover such of its property as might still be there. Trustee asserts that such property would be of little, or no, value, because the pipes have greatly deteriorated; they would be difficult to locate; the cost of removal would exceed their value.

*Did the filing of the involuntary petition in bankruptcy amount to a waiver of lien by the conditional vendor?* Our answer to this question must be in the affirma-

---

[1] Some of this property (such as pipes) was in the ground and was not sold.

[2] Bids on lots totalled only $3,735. The appraised value of bankrupt's property was $3,360.

[3] August 25, 1939 Conditional sale of merchandise.

March 15, 1940 Sale of vendee's assets to N. S. Locke (subsequently given back).

July 23, 1940 Sale of vendee's assets to Central City Co. (subsequently abandoned).

November 22, 1940 Involuntary petition in bankruptcy filed by appellant.

November 27, 1940 Adjudication.

December 21, 1940 Bankrupt's schedules filed listing appellant as a creditor under a conditional sales contract on which $5,760 was due.

May 8, 1941 Reclamation petition filed by appellant giving long itemized list of articles sought to be reclaimed, and stating total sum due to be $9,077.65.

May 24, 1941 Rule to show cause why property should not be sold free of liens.

June 6, 1941 Sale authorized.

June 17, 1941 Sale took place.

June 30, 1941 Answer filed to reclamation petition.

tive. But it is not the fact of the *filing* of the involuntary petition in bankruptcy by a *secured* creditor that operated as a waiver. It is the filing of such a petition by a secured creditor *who makes no mention of such security*, that bars him. If appellant is to be considered a secured creditor, he failed to state the amount of his debt which is not covered by the security, which unsecured balance, if it exceeds $500, gave him the right to file such petition. *If he has no such unsecured debt due him, he has no right to file the petition.* Therefore, since he filed a petition wherein he stated his debt in excess of $5,000, making no mention of security existing, or if existing, the amount thereof, it must be assumed either that he had no security, or he waived such security as he had.

It seems likely from the proceedings taken by appellant that it concluded it would benefit little by a reclamation of its conditionally sold merchandise, but would perhaps gain through a bankruptcy proceeding where the property could be operated as a going concern. After the sale was had and $7,000 realized, appellant decided to press its pending reclamation petition, although it had not opposed a sale, free of liens.

The Bankruptcy Act provides (Sec. 59, sub. b, 11 U.S.C.A. § 95, sub. b.):

"Three or more creditors who have provable claims fixed as to liability and liquidated as to amount against any person which amount in the aggregate in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

■ Appellant stated in its petition that there was due him the sum of $5,760. He was making this allegation to support the petition, which the statute required to be predicated on an *unsecured* claim in excess of $500. Therefore, the only inference which can be drawn is that the entire sum of $5,760 was unsecured—in this instance unsecured because of a waiver of security. We can not read this allegation to mean that it was partly secured and partly unsecured, because then the allegation would be defective for it would not appear that at least $500 of the sum was unsecured.

Precedent is in accord with this implied construction of waiver, which we have adopted. This court, in Morrison v. Rieman, 7 Cir., 249 F. 97, 101, 102, said:

"The rule seems well established that where a secured creditor deliberately, and not through error or inadvertence files his claim as unsecured, making no mention of his security, he thereby waives it in favor of the estate, and cannot, after adjudication, assert it."

Collier, 13th Edition, p. 1217, states the law to be, "creditors who are fully secured may not petition * * *. Secured debts can be counted in dollars only to the amount unsecured; if there be no such amount it should not be counted at all. But a secured creditor may surrender his security and prove his whole claim and thereby entitle him to file a petition."

In Emerine v. Tarault, 6 Cir., 219 F. 68, 71, the court said:

"Accordingly secured creditors may be counted as petitioning creditors to the extent of their provable claims in excess of the value of the securities held, but only to such extent."

■ Appellant, we assume, had a valid, enforceable conditional sales agreement, with a right to reclamation for breach of the contract.[4] But just as clear as its right to a lien, is its right to surrender the lien.[5] From the foregoing we conclude that appellant could not file a valid involuntary bankruptcy proceeding against bankrupt, save upon a showing of an existing unsecured debt exceeding $500, which was *fixed* as to liability and *liquidated* as to amount. Only on the theory that appel-

---

[4] In re Burgemeister Co., 7 Cir., 84 F. 2d 388; See Sec. 2455, Remington on Bankruptcy.

[5] Greenville Co. v. Selcow, 3 Cir., 25 F. 2d 78, 79:

"Likewise a person having a secured claim may join as a petitioning creditor and be one of the three to sustain the petition, *if he surrenders his security before adjudication*."

In re Cayne Const. Co., D.C.N.Y., 58 F.2d 664, 666:

"Unless, therefore, prior to the entry of an order of adjudication, these secured creditors waive their security, the petition in bankruptcy must be dismissed."

North Ward Co. v. Grigsby Grunow, 3 Cir., 67 F.2d 745, 746:

"Anyhow, the creditor first attacked, though denying that it was a judgment creditor, waived in open court any * * security it could have obtained * * *. * * * it thereby became a qualified petitioning creditor."

See, however, p. 1217, Collier on Bankruptcy.

lant must be deemed to have decided to institute these proceedings as a simple, unsecured creditor, for the entire sum due on its conditional sales contract, was it able to qualify as a petitioning creditor.

We have here a factual issue, to wit, an asserted waiver wherein the referee found adversely to appellant. We, too, so conclude. The president of appellant twice negotiated a sale of bankrupt's assets—*including the merchandise covered by the conditional sale*—and stated in those contracts the existence of a mortgage lien, not a conditional vendor's title. He signed those conveyances not as the holder of the legal title to the property, but as trustee for the benefit of creditors of the vendee. He permitted the purchasers to use those assets for the intervals they were in their possession. At no time did he seek to assert his legal rights as a conditional vendor.

Since the amendment of 1938, it is doubtful if a single creditor whose claim is secured, even though the debt greatly exceeds the security, may qualify as one who can file an involuntary petition in bankruptcy without giving up his security. The Act, 11 U.S.C.A. § 95, requires that petitioner's claim be "*fixed* as to liability and *liquidated* as to amount." Inasmuch as a secured creditor has a petitioning claim only for the difference between the amount of the debt and the value of the security, his claim is not liquidated. He therefore must fail to measure up to the qualifications of a petitioning creditor in an involuntary petition unless he waive his security.

The referee and the District Court rightfully held that appellant, in filing for the full amount of its debt for the goods sold, waived its secured rights under the conditional sales contract.

The decree is

Affirmed.