OPINION OF THE COURT
Andrew K. Brotmann, J.
What constitutes a fixture to real property? Where is the line drawn between what is a chattel and what articles become so affixed to a property so as to become a part thereof? This is an issue which has vexed parties to real estate transactions for hundreds of years. (See 1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 16.2 [4th ed], citing Gould v Springer, 206 NY 641, 646 [1912].)
The facts in the instant matter are uncontested. Plaintiff purchased a single-family residence from defendants on May 2, 2002. When plaintiff moved in, she discovered that defendants had taken with them the hose and attachment for the central vacuum system. The question thus is whether the hose and attachment were a fixture, in which case they became a part of the property and should have been left, or whether they were chattel, in which case defendants may have been free to remove it from the premises.
In Lightolier Co. v Del Mar Club Holding Co. (237 App Div 432 [1st Dept 1933]), the Court stated: “[c]ertain chattels have *312 such a determinate character as movables that they remain personal property, after their annexation to real estate * * * [while other] chattels, such as brick, stone and plaster placed in the walls of a building, notwithstanding an agreement to the contrary, conclusively become real estate after annexation thereto.” (Lightolier at 439.) In that case, the Court determined that one of the fundamental determinative factors was whether the property could be removed without practically destroying it, or where it or part of it, is essential to the support of that to which it is attached. (Lightolier at 439, citing Tifft v Horton, 53 NY 377 [1873].)
In general, courts have held that an article remains personalty until it is in some way attached to real property. (5 Warren’s Weed, New York Real Property, Fixtures § 2.02 [2], citing Potter v Cromwell, 40 NY 287 [1869].) However, even the slightest fastening has been held to constitute sufficient annexation to result in the item being considered a fixture if the item is to be used for the same purpose. (5 Warren’s Weed, New York Real Property, Fixtures § 2.02 [2], citing McRea v Central Natl. Bank of Troy, 66 NY 489 [1876].)
It is uncontested that here the vacuum hose and attachments were removed without damaging the property. However, the hose and attachments were clearly essential to support the system to which it was attached. The mere fact that the hose and attachments were removable without substantial damage to the equipment or the property is insufficient to establish that such equipment is personalty rather than a fixture. (See McRea v Central Natl. Bank of Troy, 66 NY 489 [1876].) Shelves in a refrigerator or grates on a stove may be removed without damaging the appliance or effecting its functionality, but it could not be credibly argued that those items are not part of the fixture.
In Ferro v Miller (41 Misc 2d 331 [Sup Ct, Nassau County 1963]), the court found the issue of what appliances were in use at the time of and prior to the execution of the contract of sale to be determinative. Here, the central vacuum system was in use at the time of contract execution.
One guideline used by courts has been to examine the relationship of the disputing parties. While an intention to make a permanent accession to the property may be presumed where the annexer is the owner, no such presumption necessarily arises where the annexer is a lessee. So, a given object may be a fixture as between vendor and vendee, but a chattel as between lessor and lessee. (See Matter of City of New York [Allen *313 St.], 256 NY 236 [1931].) In the instant matter, the parties were contract vendee and vendor which would suggest that the items in question are fixtures rather than personalty.
Defendants have argued that the central vacuum system itself was still fully functional at the time they vacated the premises and that they had purchased the hose and attachments separately from the system. While the system itself may have been operable at the time of transfer of possession, it could not be operated without the hose and attachments. Similarly, while an automatic garage door opener may be functional, if it cannot be operated without the remote control, the remote control becomes part of the fixture. Here, the central vacuum system cannot be operated without the hose and attachments and thus these items became part of the fixture.
Even if the court were disposed to agree with defendants’ position that the hose and attachments were personal property, paragraph 2 of the contract of sale,[1] which was prepared by defendants, clearly states that the “sale also includes all fixtures and articles of personal property now attached or appurtenant to the Premises, unless specifically excluded below.” The contract contains no exclusion for the vacuum hose and/or attachments. Furthermore, paragraph 16 (f) states that “all appliances which are included in the sale [shall be] in working order as of the date of closing.”[2] On the date of delivery, the central vacuum system was not in working order since an integral part thereof, i.e., the hose and attachments, had been removed.
Based on the foregoing, it is the holding of this court that the central vacuum hose and attachments were a fixture and thus should have been left with the property. Judgment shall enter in favor of plaintiff as against defendants in the amount of $550.97,[3] together with costs and interest thereon from June 10, 2002, the date plaintiff replaced the hose and attachments.

. A copy of the signed contract of sale was submitted as an exhibit.

. Or, as in this case, date of delivery of the premises.

. Plaintiff submitted a copy of her charge receipt for the replacement cost.