(29 Misc. Rep. 292.)

## STEARNS v. FARRAND.

(Supreme Court, Appellate Term. October 25, 1899.)

1. APPEAL—DIRECTION OF VERDICT—CONCLUSIVENESS OF FINDING.
    Where each party moves for the direction of a verdict in his favor, the finding of the court is conclusive, unless wholly unsupported by the evidence.

2. BAILMENT—DELIVERY OF GOODS BY ORDER OF OWNER—LIABILITY.
    Where plaintiff left goods with defendant, with directions to send them to a certain place by express, and defendant sent them by the only express company carrying goods to such place, he is not liable for the subsequent loss of the goods.

Appeal from city court of New York, general term.

Action by Walter C. Stearns against Oliver M. Farrand. From an order of the general term of the city court of New York reversing a

judgment of the city court in favor of plaintiff, and ordering a new trial (59 N. Y. Supp. 384), plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENRITT, JJ.

Hutchings, Palliser & Moen, for appellant.
Roseman & Marshall, for respondent.

FREEDMAN, P. J. This is an appeal from an order of the general term of the city court reversing a judgment entered upon a verdict directed by the court after a trial by a jury, and ordering a new trial. The action was brought for negligence,—to recover the value of two finger rings which the plaintiff had left with the defendant, a jeweler, to be cleaned, and the stones refastened. At the close of the testimony each party moved for the direction of a verdict in his favor; each asserting that there was no conflict of testimony, and that only a question of law was involved. The court thereupon directed the jury to find a verdict for the plaintiff for the amount claimed by him. Upon appeal to the general term of the city court the judgment was reversed, and a new trial ordered. The plaintiff appeals from the order of reversal, and stipulates that, in the event of affirmance thereof by this court, judgment absolute may be entered against him.

"Where both parties ask for the direction of a verdict, the finding of the court is conclusive, unless wholly unsupported by the evidence." Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Provost v. McEncroe, 102 N. Y. 650, 5 N. E. 795. In such a case they thereby waive the right to have any question of fact submitted to the jury, and virtually submit to the judgment of the court all questions of law and fact. Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322. It is only when the party whose request is denied thereupon specifically asks to go to the jury upon questions of fact, and such request is denied in the face of an exception duly taken thereto, that a review upon such facts may be had upon appeal. Koehler v. Adler, 78 N. Y. 287. The testimony in the case is undisputed that, when the plaintiff left the rings with the defendant, he gave instructions to him to send them, when finished, to the plaintiff by express, and that the plaintiff knew that the only express company running into Fredericksburg, Va., the residence of the plaintiff, was the Adams Express Company. Subsequently, upon his arrival at his home, and not receiving the rings, he wrote the defendant, inquiring as to them, saying, "A few days before Xmas I left 2 rings with you to be repaired, with instructions to express same to me when finished." The rings, after they were repaired (for which no charge was made), were securely packed in a box, sealed, delivered to the Adams Express Company, and a receipt taken therefor. True, the value of the rings was not stated to the express company, and for that reason the liability of the company, in this state, may have been limited; but the plaintiff assumed to give instructions how to send the rings, and he failed to require that the value of the property should be stated, or that it should in any way be guarded or insured against loss or damage. The true question, therefore, is whether, upon this undisputed state of facts,

the order of reversal is right in point of law. "It is true that a bailee, whatever the character of the bailment may be, is, when its purpose is fully satisfied, bound, upon request, to deliver the thing bailed to its lawful owner; and, to justify a refusal to return the property on the ground of a loss thereof, the burden is on the bailee of showing the exercise by him of due care according to the nature of the bailment." Ouderkirk v. Bank, 119 N. Y. 263, 23 N. E. 875. But where, as in the case at bar, the bailee follows the express directions of his bailor, and delivers the property bailed to the person whom, or the place where, he is ordered, he has done all that can be required of him, either in law or ethics. "If the bailee shows in defense that the loss or damage was due to some cause lawfully excepted by the contract, * * * he makes out his prima facie exculpation, so that, unless his own proof of such loss or damage incidentally establishes such cause as the contract fails to excuse, the onus is upon the plaintiff to shake his exculpation." Schouler, Bailm. & Carr. § 23. The case at bar is clearly distinguishable from the case of Rhind v. Stake, 28 Misc. Rep. 177, 54 N. Y. Supp. 42, recently decided by this court. In Rhind v. Stake the defendants were called upon for the goods by the bailor. They were unable to comply with the demand, and then volunteered to send them by express; thereby assuming the responsibility of delivery. Story, Bailm. § 22, and cases cited. The defendant in this case has brought himself within one of the well-recognized exceptions for failure to deliver, which is that the goods were lost without fault or negligence on his part. Lichtenstein v. Jarvis, 31 App. Div. 33, 52 N. Y. Supp. 605. The order of the general term of the city court reversing the judgment of the city court was correct, and must be affirmed.

Order of the general term of the city court affirmed, and judgment absolute rendered against the plaintiff, with costs. All concur.