LOUIS LE FEVRE, Plaintiff, *v.* RELIABLE PAINT SUPPLY CO., INC., and Others, Defendants.

Municipal Court of New York, Borough of Queens, Sixth District, August 28, 1934.

*Kessler & Blankfield,* for the plaintiff.

*James S. Kleinman,* for the defendants.

MORRIS, J. This is a motion for a summary judgment. The action was commenced by the service of a summons and verified complaint together with an undertaking and order of replevin upon the defendants and by the taking of certain chattels consisting of paper racks, paper, floor show cases, counters and counter cases, etc., which the plaintiff claims were purchased by him July 23, 1934, from Irving Brody, an auctioneer, who had purchased the chattels at an auction held by L. Wechsler, a public auctioneer,

who sold the property on behalf of the creditors of the bankrupt New York and Flushing Wall Paper Company, the owner of the chattels above set forth. The chattels sold by the said auctioneer were sold at the premises of the New York and Flushing Wall Paper Company at public auction on July 23, 1934.

The plaintiff contends further that the articles were purchased with the understanding that he would have a reasonable time to remove the chattels from the premises occupied by the New York and Flushing Wall Paper Company, whose address was 134–27 Northern boulevard, Flushing, Queens county, but on visiting the premises found the premises locked and he was unable to obtain them; that on August 4, 1934, when he visited the premises, he found the chattels had been appropriated by the defendants Louis Berger and Reliable Paint Supply Company, Inc.; that his request for the property was denied; and that later he notified the defendant Reliable Paint Supply Company, by registered mail, requesting the property, and finally was compelled to resort to his action of replevy.

The defendant Louis Berger in his answer and answering affidavit denies all the allegations of the complaint; denies ownership or right of possession in the plaintiff, or that any demand was made for the delivery of the chattels or that there was any refusal to deliver same, or that the chattels were of the value of $400.

From the affidavit of the defendant Berger it appears that he was the owner or proprietor of the Flushing Wall Paper Company, and nowhere does it appear that the Flushing Wall Paper Company was a corporation. The defendant Berger contends that he had a conversation prior to July 23, 1934, with a Mr. Loesser, the owner or proprietor of the Chilton Paint Company, with an office at College Point, from whom the defendant had purchased paints for a number of years; and in the course of this conversation the defendant advised Mr. Loesser of the sale to be held by Berger's creditors at public auction on July 23, 1934, and the sale included the fixtures above mentioned, and asked Mr. Loesser to assist him; that Mr. Loesser advised Berger that he would lend him an amount sufficient to cover the purchase of the fixtures and that the fixtures would be bought in for Berger in the name of the plaintiff, who is one of the employees of Loesser, and who was present during said conversation, and that Berger could return the amount which Loesser advanced for the purchase of the fixtures as soon as convenient.

The affidavit of Berger sets forth also that he attended a sale of the property on July 23, 1934, and that after a telephone conversation had with Mr. Loesser, Mr. Loesser stated that he would have the plaintiff come right over to purchase the fixtures for Berger, and that shortly thereafter the plaintiff came to the place of business

of Berger, where the sale was being held, with a Mr. Martense, another employee of Loesser, and they both advised Berger that they had been sent over to purchase the fixtures (which fixtures are involved in this action) for Berger; that the three together went over to the auctioneer and purchased the fixtures for fifty dollars.

The defendant Berger further states in his affidavit that together with defendant Rabinowitz he called at the premises of Loesser at College Point and that at that time the plaintiff was present; that Berger thanked Loesser for having purchased the fixtures, and that he could return the fifty dollars which he had advanced for Berger as soon as it was convenient.

It is alleged that there was further conversation as to credit to be extended to the Reliable Paint Supply Company for merchandise to be purchased by that company from Mr. Loesser's company, the Chilton Paint Company, and that on August 6, 1934, Martense, the salesman of Loesser, called at the place of business of the defendant Reliable Paint Supply Company at 134–27 Northern boulevard, Flushing, which had also been the address of the New York and Flushing Wall Paper Company, and received an order for merchandise to be purchased from Loesser. It is contended further that the only notice the defendant Berger or the Reliable Paint Supply Company received demanding the fixtures from the premises at 134–27 Northern boulevard was on August 9, 1934, in the form of a letter addressed to Reliable Paint Supply Company and signed by the plaintiff, and on August 9, 1934, a city marshal appeared at the premises and removed the fixtures.

The records of the court show that the summons and complaint and other papers on file, including the order signed for the replevin, are dated August 8, 1934.

The first objection raised by the attorneys for the defendants to the granting of the motion is the fact that the notice of motion was served by mail August 21, 1934, and made returnable August 23, 1934, and, therefore, failed to comply with rule 12 of the Municipal Court Rules which requires more than two days' notice. This objection may be disposed of by stating that the motion before the court was argued on the merits and it would seem useless under the circumstances to deny the motion for the reason stated when there is no contention that the defendants were prejudiced thereby and where it appears from the answering affidavits that the attorney for the defendants has submitted a complete set of affidavits in objection to the motion. It would mean merely additional work for both attorneys and referring to my successor a very interesting question which has been given careful consideration by the court.

The second objection raised is that an action in replevin is not embraced within the terms of rules 113 and 114 of the Rules of Civil Practice, and in support of this contention the attorney for the defendant cites *N. Y. Yellow Cab Co.* v. *Weinberg* (220 App. Div. 761). That this objection is not tenable can be seen from a reference to subdivision 5 of rule 113 of the Rules of Civil Practice, as amended March 14, 1933, and *Lightolier Co.* v. *Del Mar Club Holding Co.* (237 App. Div. 432).

The third objection raised by the answering affidavits is that from the statements contained in the affidavit of Berger and the affidavit of the defendant Rabinowitz which substantiates the affidavit of Berger as to the conversation with Loesser on August 4, 1934, and the fact that no demand was made by the plaintiff until the letter was received on August ninth, raises triable issues which cannot be determined on this motion. The answer to this objection is met by consideration as to whether the facts as alleged by the defendants, if true, would create a resulting or constructive trust. Trusts are either express or arise by operation of law. The latter are denominated " implied " and are resulting or constructive. (1 Pom. Eq. Juris. [4th ed.] § 155.)

In the instant case it is assumed that the defendant Berger was the owner of and had title to the fixtures or chattels sold by the auctioneer at public auction on July 23, 1934, so that a different situation might arise if Berger, at the time of the purchase of the chattels by the plaintiff, was not the owner of the property and did not have an interest therein. If the language of the agreement as alleged by the defendant is deemed to be true, and that the money paid or advanced by Loesser was a loan to the defendant Berger, and, therefore, the purchase of the property at the public auction is assumed to be a purchase with money loaned to the defendant Berger, a resulting trust would be created, and the plaintiff under such circumstances would be held to be a resulting trustee for the one who pays the purchase price, to wit, Berger. (See *Ryan* v. *Dox*, 34 N. Y. 307; *Wheeler* v. *Reynolds*, 66 id. 227, at p. 235; *Congregation Kehal Adath* v. *Universal Building & Construction Co.*, 134 App. Div. 368.) Nor can the plaintiff under such circumstances take advantage of the Statute of Frauds. (*Ryan* v. *Dox*, *Congregation Kehal Adath* v. *Universal Building & Construction Co.*, *supra.*) This is because of the fact that the defendant upon the faith of such an alleged agreement may have ceased his efforts to raise the money for the purpose of buying in the fixtures. Such consideration may constitute, in view of the facts in the instant case, a resulting trust and the trustee will be held to account as nearly as possible in the same spirit in which he originally contracted. Resulting

trusts being excepted from the operation of the Statute of Frauds may be established by parol evidence. (*Ducie* v. *Ford*, 138 U. S. 587; *Wood* v. *Rabe*, 96 N. Y. 414; *Fletcher* v. *Manhattan Life Insurance Co.*, 197 App. Div. 484.)

The rule applicable to real estate applies as well to chattels. It may be contended by the plaintiff that the answer is imperfect upon the ground that such a defense should be pleaded. Without passing upon such contention, the affidavits in any event raise a triable issue of fact and technical defects in the pleading are not available to a plaintiff upon an application under rule 113 for the entry of summary judgment. (*Curry* v. *MacKenzie*, 239 N. Y. 267, 272.)

Although the Municipal Court " cannot grant affirmative relief, it can, in entertaining an equitable defense, go as fully as a court of equity can go into all of the facts attending the making of the lease, to open the door to all the equitable defenses " (*Burgener* v. *O'Halloran*, 111 Misc. 203); and equitable defenses may be set up in all actions. (*DeVita* v. *Pianisani*, 127 Misc. Rep. 611.)

Motion for summary judgment denied.