**SCARBURGH et al. v. COMPANIA SUD-AMERICANA DE VAPORES et al.**

**THE ANDALIEN.**

No. 214, Docket 21273.

United States Court of Appeals
Second Circuit.

May 3, 1949.

Lawrence W. McKeown, of New York City (James J. Donovan, Jr., of New York City, on the brief), for appellants.

Renato C. Giallorenzi, of New York City (Reid, Cunningham & Frehill and James E. Frehill, all of New York City, on the brief for appellee Compania Sud-Americana De Vapores, and John F. X. Mc-Gohey, U. S. Atty., of New York City, on the brief for appellee United States of America [United States Maritime Commission]), for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

**424**

CLARK, Circuit Judge.

■ This is an appeal by libelants from the dismissal, after trial, of a libel for cargo damage. Most of the facts were stipulated in advance so as to reduce the case to a single issue. The stipulation covered the shipment in question, consisting of 20,235 bags of Colombian coffee, from its delivery to the carrier on March 2, 1946, at Buenaventura, Colombia, to its arrival in New York, New York, on board the S.S. "Andalien," of which respondents were operator and owner respectively. When the shipment was weighed after unloading, 97 of the bags were found to be slack, that is, to have sustained a weight loss by leakage from apertures of some kind in the bags. The value of the slackage was stipulated to be $587.07. The stipulation by itself made out a prima facie case for libelants. Claiming freedom from negligence as a defense under § 4(2)(q) of the Carriage of Goods by Sea Act of 1936, 46 U.S.C.A. § 1304(2)(q), respondents attempted to show that the loss was caused by defects in the bags themselves. Contradictory evidence was introduced on both points, and the court resolved the conflict in respondents' favor. This appeal followed.

■ The Carriage of Goods by Sea Act of 1936, 46 U.S.C.A. § 1300 et seq., expresses our adherence to the Brussels Convention of 1924, embodying substantially the provisions of the earlier Harter Act of 1893, 46 U.S.C.A. § 190 et seq. See Robinson on Admiralty § 70, 1939. The purpose of the Act was to carry over into the international sphere the uniformity achieved for American voyages in the Harter Act by mitigating the common-law "insurer's" liability of carriers, in exchange for a prohibition of clauses in the contract of carriage lessening the carriers' liability. Pan-Am Trade & Credit Corp. v. The Campfire, 2 Cir., 156 F.2d 603, certiorari denied Waterman Steamship Corp. v. Pan-American Trade & Credit Corp., 329 U.S. 774, 67 S.Ct. 194, 91 L.Ed. 666; The S.S. Asturias, D.C.S.D.N.Y., 40 F.Supp. 168, 169, affirmed Wessels v. The Asturias, 2 Cir., 126 F.2d 999. In addition to the specific exemptions carried over from earlier legislation, the Act includes a general exemption from liability resulting from—

"Any other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage." 46 U.S.C.A. § 1304(2)(q).

■ Although respondents also pressed other defenses at the trial, they did introduce evidence as to the manner of discharging the cargo, and the precautions employed therein, from which the court was justified in finding that the carrier had met the burden necessary to sustain the statutory exemption. Evidence was introduced further tending to show that the slackage resulted from a weakness in the mouths of the coffee bags, which were apparently secured with twine of insufficient strength; or at least the court so found, relying particularly on the testimony of the cooper, whose duty it was to repair the slack bags. We cannot say that the court's finding was clearly erroneous.

■ Libelants argue that Finding 13 on the condition of the bags [1] was insufficient because it referred only to "the greater number" of them. The language of the finding is inartistic; but any defect in its essential meaning is cleared up by the further finding (No. 18) that "the respondents were free from any neglect with respect to the loading, stowing and discharging of the cargo," which squarely met the requirement of the statute. Had the court's findings on the sufficiency of the bags been more definite, they would have amounted to a finding of another statutory exemption, "insufficiency of packing," 46 U.S.C.A. § 1304(2)(n), although the court appears to have thought that that defense did

---

[1] "13. The slackage to the greater number of the said 97 bags occurred through the mouth of the bags which were handsewn and not uniform; only a few broke; torn; the bursting of the bags at the mouth being caused by the giving away of the twine which was either weak or badly finished."

not refer to the sufficiency of the containers. In any event, the decision below was based on the general defense of absence of negligence; and Finding 13 added only additional force to the finding of such absence, stated first as a fact and repeated as the conclusion of law upon which the decree of dismissal is based.

■ Respondents' cross-assignment of error, based on the court's finding that the slackage was no greater than usual or normal, was based upon a defense properly dismissed as an irrelevant consideration below, and need not be considered here.

Decree affirmed.