Nicholas M. Pette, J.
Plaintiff, a membership corporation, claims there is no defense to the action and that the answer interposed by defendant is sham, frivolous and without substance and was interposed merely for the purpose of delay, and moves for an order striking out said answer, and granting summary judgment in favor of the plaintiff. Under the provisions of subdivision 5 of rule 113 of the Buies of Civil Practice this motion is properly before the court (Lightolier Co. v. Del Mar Club Holding Co., 237 App. Div. 432; Le Fevre v. Reliable Paint Supply Co., 152 Misc. 594).
This is an action in replevin, brought to recover the possession of certain chattels described in the complaint, which alleges that said articles were delivered to the defendant for safekeeping for the sole benefit of the plaintiff, the owner thereof, and that when plaintiff duly demanded their return, the defendant refused to return the same and by reason of such refusal plaintiff sustained damages in the sum of $1,000.
The moving affidavits allege that defendant, a member in good standing of plaintiff agreed to store and house said chattels in his home when plaintiff was not using the same at the annual feasts of said plaintiff held on Labor Day and the preceding Sunday in each year; that repeated demands were made on defendant to surrender said chattels to plaintiff in order that plaintiff might conduct its feast scheduled for September 2 and 3, 1956, but that the defendant refused to deliver the same; that plaintiff caused said chattels to be replevied on or about August 21,1956, and the same are now in plaintiff’s possession, and that plaintiff was caused to expend $8.30 for Sheriff’s fees, $40 for the premium on the bond given to replevy said chattels, and $80 paid to Tambini Storage Warehouse, Inc., for the storage of said chattels by said Sheriff.
Defendant’s answer consists of a general denial. To justify his refusal to surrender said chattels to plaintiff when •demanded, the defendant, in his opposing affidavit alleges: (1) that plaintiff’s purchase of a building and picnic area in North Bergen, New Jersey, was opposed by defendant and some members of the plaintiff, on the ground that such purchase was violative of its by-laws and certificate of incorporation, (2) that plaintiff was dissolved by proclamation by the State of New York in 1952 pursuant to section 57 of the Membership Corporations Law, and (3) that plaintiff wanted to use the chattels involved in this litigation in the purchased picnic area and building, aforesaid, located outside of the territorial limits of the borough of Brooklyn, in contravention of its by-laws and certificate of incorporation.
*553 Plaintiff’s moving affidavits, however, allege that the matter of the purchase of said building and picnic area in New Jersey, was litigated in the Supreme Court, Kings County, and resulted in a declaratory judgment in favor of the plaintiff authorizing and sanctioning said purchase; also that a certificate reinstating plaintiff was duly filed in the office of the Department of State on September 17, 1956 under the provisions of said section 57 of the Membership Corporations Law, a certified copy of which is annexed to one of plaintiff’s moving affidavits. By the provisions of subdivision 8 of section 57 of the Membership Corporations Law it is provided that the filing of said certificate has “ the effect of annulling all of the proceedings theretofore taken for the dissolution of such corporation under the provisions of this section and it shall thereupon have such corporate powers, rights, duties and obligations as it had on the date of the publication of the proclamation with the same force and effect as if such proclamation had not been made and published.” Consequently the purchase of the building and picnic area and the publication of the proclamation, were not valid objections upon which defendant could justify his refusal to deliver said chattels, and as the court reads and interprets the by-law contained in the defendant’s opposing affidavit, the same imposes no prohibition to plaintiff’s storage and use of the chattels in New Jersey. This conclusion is further strengthened as a result of the declaratory judgment rendered in favor of the plaintiff authorizing it to purchase the building and picnic area in New Jersey. A fortiori, the opposing affidavit does not present any material substantive genuine issues of fact triable in the action, and the allegations therein contained cannot be considered on this motion as defeating plaintiff’s right to summary judgment. Defendant’s contentions are untenable and without merit.
It appears that the delivery of the chattels to defendant constituted a bailment of personal property for the sole benefit of the plaintiff bailor and that the defendant was a gratuitous bailee thereof. (Richardson’s Outline of Bailments & Carriers, p. 2, § 3; Story on Bailments.) A bailment for the sole benefit of the bailor gives him the right to terminate the bailment at will and if the bailee refuses to return the property when demanded by the bailor, the bailee is liable. The same privilege of terminating the bailment belongs to the bailee, unless he has undertaken to keep the property for a fixed time, or has agreed to transport it to a designated place, in which case, after entering upon the performance, he must complete it, or be liable for any damages due to his default, (Beardslee v. Richardson, 11 Wend. 25; Brown v. Cook, 9 Johns. 361; Ouderkirk v. Central *554 Nat. Bank of Troy, 119 N. Y. 263, 267; Thorn v. Straus, 78 Misc. 139; Corrao v. Dewey Garage Corp., 24 N. Y. S. 2d 592, 594.) A bailee is estopped to deny the title of the bailor (Cook v. Bartlett, 115 App. Div. 829; Hayes v. Kedzie, 11 Hun 577). And the redelivery of the property must be made to the right person, at the bailee’s peril (Esmay v. Fanning, 9 Barb. 176; Stearns v. Farr and, 29 Misc. 292).
On a motion for summary judgment issue finding, rather than issue determination, is the key to the procedure and the court is not authorized to try the issues but it must determine whether there is an issue to be tried (Dwan v. Massarene, 199 App. Div. 872, 879; Hanna v. Mitchell, 202 App. Div. 504, 517). Summary judgment must be denied, if and when the court reaches the conclusion that a genuine and substantial issue of fact is presented (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133; Esteve v. Abad, 271 App. Div. 725).
After giving the pleadings and proofs before it a reasonable and liberal construction, if the court determines that no genuine substantial issue of fact is presented for trial, it will grant the motion for summary judgment. Evidentiary facts must be set forth in the opposing affidavits on a motion for summary judgment; conclusory statements will not suffice (Tripp on Motion Practice, p. 228 and cases cited).
This court is convinced that defendant’s opposing affidavit fails to set forth any evidentiary facts from which it could appear that there are any genuine substantial issues of fact to be tried in this action or that the defendant has any defense to the action. Consequently this court is constrained to grant the plaintiff’s motion for summary judgment and to strike out the defendant’s answer. The damages sustained by the plaintiff must be assessed for inclusion in the judgment and plaintiff will therefore proceed accordingly.
Settle order on notice.