Guy Gilbert Ribaudo, J.
This is a motion for summary judgment made by plaintiff, consignee under two bills of lading, for a shipment of coffee from Brazil, carried on the S. S. Loide Haiti, a vessel owned and operated by defendant, a common carrier. The claim arises as follows:
Plaintiff purchased from a firm in Brazil 4,000 bags of coffee under one bill of lading and 500 bags of coffee under the second bill of lading, which were delivered to the defendant for transportation to New York on the above-named vessel. According to the bills of lading issued at that time the goods were in “apparent good order and condition” and weighed respectively 242,000 kilos gross and 240,000 kilos net, and 30,250 kilos gross and 30,000 kilos net.
Upon their arrival in New York and delivery to the plaintiff 46 bags were found to be slack and 59 bags to be sweat stained. The loss attributed to the slackage amounts to 1,224 pounds. Claim is also made for the expense of reconditioning the stained bags, less the recovery in salvage.
Defendant’s own delivery documents, copies of which are annexed to the moving papers, confirm that 46 bags were slack and 59 were alleged to be sweat stained. The weight lost on the slack bags is also confirmed in defendant’s delivery documents.
Plaintiff claims in its affidavit that the market value on the date the goods arrived at their destination was $54.50 per hundred pounds. It thus computes its loss on the slackage to be $667.08, which when added to the expense of reconditioning the stained bags, represents its total claim in the amount of $912.15.
In its moving papers plaintiff has included an affidavit of its assistant secretary setting forth the foregoing facts based on its own knowledge, upon documents in plaintiff’s file and upon admissions made by defendant in response to a notice to admit facts (Civ. Prac. Act, § 322). Annexed to the affidavit as exhibits are the bills of lading showing receipt of the goods in apparent good order and weighing respectively, 242,000 kilos gross and 240.000 kilos net for 4,000 of the bags and 30,250 kilos gross and 30.000 kilos net for the remaining 500 bags. There is also annexed to the said affidavit records of the defendant confirming the slackage and staining together with copies of documents confirming the proceeds of salvage and expenses claimed in connection with the stained bags.
*823 The answering affidavit submitted by defendant is made by one of its attorneys who does not claim to have any personal knowledge. In addition, it contains no facts controverting the facts contained in the moving papers and is similarly lacking in any evidence to substantiate the defense relied upon, to wit: exemption under the United States Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1300 et seq.).
Motions for summary judgment are before the court in three other actions against this defendant based on substantially the same set of facts and supported by moving papers containing evidence of substantially the same nature and to which defendant has made substantially identical opposition.
All four motions will therefore be disposed of in accordance with this opinion.
Clearly, defendant, has made no attempt to ‘2 show facts sufficient to require a trial of any issue of fact ” necessary under subdivision 2 of rule 113 of the Buies of Civil Practice to defeat a motion for summary judgment. In fact defendant admits that upon any trial of this action it would be unable to offer such evidence and would rely merely upon cross-examination of plaintiff’s witnesses and challenging the admissibility of plaintiff’s documentary evidence. Although defendant argues that in lieu of the documents submitted by plaintiff, affidavits of shippers in Brazil, longshoremen in New Orleans and New York and of public weighers should have been submitted by plaintiff, defendant itself has not submitted such affidavits in support of its defense or to set in triable issue plaintiff’s evidence, and offers no explanation for having failed to do so.
The sole question to be determined then is whether plaintiff has made out a prima facie case in support of this motion.
Plaintiff’s moving affidavit is made by one of its officers who states that it is based, inter alia, on his personal knowledge. The affidavit is supported by documents such as bills of lading, delivery receipts and weighmaster certificates, each of which would be admissible on the trial under section 374-a of the Civil Practice Act as having been made in the regular course of business. Although, with respect to some few of them, plaintiff may have failed, in its moving papers, to lay a proper foundation for their admissibility, the admissions served by defendant, its failure to challenge the authenticity of the documents by showing facts bearing thereon and the failure of defendant to offer facts contradicting their contents militates strongly in favor of their being considered on this motion. Certainly, in the absence of any factual challenge, a plenary trial in this action could not be justified merely for the purpose of requiring the *824 laying of a foundation for the receipt in evidence of a few of these documents, even if such foundation were necessary. Furthermore the court in disposing of a motion for summary judgment may even consider evidence which would be inadmissible upon the trial. (Bourgeois v. Celentano, 10 A D 2d 824 [1st Dept., 1960].)
Such a holding is consistent with the purpose of a motion for summary judgment, which is not to try, but to find, the issues, if they exist. (Incorporated Soc. of St. Maria etc. v. Lorusso, 5 Misc 2d 551.)
Plaintiff has shown, at least prima facie, delivery of the goods -to defendant in apparent good order and condition, receipt of the goods from defendant in something less than good order and condition, the amount of loss it has suffered and the damages resulting therefrom. No facts are before the court to contradict this showing.
Defendant’s contention that it may establish a defense by cross-examining plaintiff’s witnesses is not persuasive for the reasons above set forth.
Nor does the court understand that the United States Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1304, subd. [2], par. [n]) places upon the plaintiff the burden of proving as part of its prima facie case that the containers involved were fit for the function for which they were used. The law is quite the converse, the plaintiff need do nothing with reference to the exemptions which the act provides until the carrier has itself proved the availability of one of them. The defendant herein is quite correct in contending that where slackage or breakage is sustained, apparently the result of insufficiency of containers, then the burden is on the plaintiff to satisfy the court that the containers were sufficient for the goods and the voyage. Its problem is that thereafter it merely begs the question, for it has totally failed to show that the bags were in fact insufficient. It is only after such a showing that the plaintiff need sustain the burden of coming forward with the evidence to prove the sufficiency of the containers, or of showing that the loss occurred due to defendant’s negligence in spite of the insufficiency. The defendant cites many cases in an attempt to support its proposition. In all but one of them, however, the plaintiff proved its prima facie case without going to the lengths the defendant herein suggests and in the one exception, The Neil Maersk (91 F. 2d 932) the question is not one of insufficiency of containers, but of good order and condition on loading, which was not apparent in that case and therefore necessary for the plaintiff to *825 prove, but which is apparent in this case and in fact admitted by the defendant.
Defendant appears to rely heavily upon Scarburgh v. Compania Sud-Americana De Vapores (174 F. 2d 423 [C. C. A. 2d, 1949]) the reported decision of which has been reproduced in its entirety, in its memorandum. The decision in that case, however, clearly indicates that defendant offered evidence to show the bags were defective. In other cases cited by defendant, the carrier at least introduced evidence of the care it used in handling the shipment, precautions it took to prevent sweat, and the like. Defendant’s affidavit on this motion is barren of any such or any other facts.
Defendant’s contention that its inability to produce evidence in support of its defense is due to plaintiff’s failure to prosecute, is irrelevant and would not be persuasive even if it were relevant. It has never moved to dismiss the complaint for failure to prosecute under rule 156 of the Rules of Civil Practice. Its belated attempt to do so in a paragraph in an answering affidavit on one of these motions cannot be entertained.
It never noticed the cause for trial, as it could have done, sat passively by as continuance affidavits continued to be filed, and in the meantime permitted its records to be lost or discarded. Such acquiescence and failure to assert its rights cannot form the basis for its being given a plenary trial on issues it admits it cannot controvert, merely to satisfy its hopes that on cross-examination it may achieve some helpful result, the nature of which it cannot now even guess.
The motion is granted and judgment is awarded plaintiff in the sum of $912.15, with interest.